No. 23,767.

JOHN NANGLE, *Appellee,* v. THE CUDAHY PACKING COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. EVIDENCE — *Hypothetical Questions — Objections to Questions Must Be Specific.* The rule that objections to evidence must be sufficiently specific to challenge the court's attention to the ground relied upon, for the reason that error will not be presumed (*Roark v. Greeno,* 61 Kan. 299, 59 Pac. 655), is applied to objections to a hypothetical question asked of physicians, the ground of the objection in the court below being that it was not a proper hypothetical question, that it included facts not in evidence before the jury, and was incompetent, irrelevant and immaterial, the objection urged here being that it called for a conclusion of the witness upon the ultimate issues in the case.

2. SAME—*Hypothetical Questions.* In this case, if the defendant had interposed the same objection in the lower court that is argued here, it is apparent from the answers of the physicians that there would have been no error in overruling such an objection.

3. SAME—*Objection to Instructions.* Certain objections to instructions considered and held to be technical and without merit.

19—112 KAN.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed December 9, 1922. Affirmed.

*J. E. McFadden, O. Q. Claflin, jr., R. J. Higgins,* all of Kansas City, and *Charles L. Carr,* of Kansas City, Mo., for the appellant.

*James F. Getty,* of Kansas City, for the appellee.

The opinion of the court was delivered by

PORTER, J.: John Nangle was injured in a collision between a Ford roadster in which he was riding and a motor truck, both cars being owned by the Cudahy Packing Company. Nangle had been in the employ of the packing company for more than twenty years and was the manager of its wholesale market business in Kansas City, Kan. He sued the company, charging negligence on the part of the driver of the truck. The evidence established the negligence as charged and the defendant offered no evidence to the contrary. The trial resulted in a verdict and judgment in plaintiff's favor for $13,500, from which the defendant appeals.

A few days after the accident defendant sent for plaintiff and discharged him. The accident occurred on January 2, 1918. On April 15, 1918, plaintiff went to work for another company and remained in its employ until a day or two before the trial, which did not occur until three years and five months after the accident. The salary he received was considerably in excess of that paid to him while in the employ of the defendant and before he was injured. The principal issue in the case was the extent of plaintiff's injuries.

The first complaint is that the court overruled objections to a hypothetical question to physicians who testified for plaintiff. The contention here is that it was not a proper hypothetical question "as it called for a conclusion of the witness, as distinguished from an opinion; that it called for the conclusion of the witness upon the ultimate issues in the case, and invaded the province of the jury." This was not the objection urged in the court below. The objection to the hypothetical question propounded to Dr. Glassock was:

"To which the defendant objects as not a proper hypothetical question, assuming facts which are not in evidence, a statement of facts not covered by the testimony herein; not based upon any proper statement of the evidence in the case."

The objection to the question asked of Dr. Krall, was:

"The defendant objects to the question as not a proper hypothetical question, including facts not in evidence before the jury; incompetent, irrelevant and immaterial."

Nangle v. Packing Co.

It is apparent that the objection did not challenge the court's attention to the point now presented. Objections to evidence must be sufficiently specific to challenge the attention of the court to the ground relied upon, because error will not be presumed; but must be affirmatively shown. (*Humphrey v. Collins*, 23 Kan. 549; *Roark v. Greeno*, 61 Kan. 299, 59 Pac. 655, and authorities cited.) The only respect in which the objection urged to the question asked of Dr. Krall differs from the objection to the question when asked of Dr. Glasscock, was that it was incompetent, irrelevant and immaterial.

The case of *Roark v. Greeno*, supra, is directly in point. It was there held that—

"An objection that a hypothetical question assumes facts not proved ought to point out with particularity the facts which are claimed to be untruly stated." (Syl. ¶ 3.)

In the opinion it was said that "none of the questions was composed entirely of assumptions outside the proof" (p. 307), and that the objection in no manner conveyed information to the court as to what facts contained in the question were not proved.

In *K. P. Rly. Co. v. Cutter*, 19 Kan. 83, it was held that—

"An objection to the introduction of testimony, to be available in this court for purposes of error, must, except perhaps in cases where the defect cannot be obviated by further proof, distinctly and clearly state the point of objection, so that we can see from the record that the very matter to which our attention is directed was presented to the mind of the trial judge." (Syl. ¶ 2.)

As held in *Roark v. Greeno*, supra, we might well refuse to consider any of the assignments of error which relate to the objections to the hypothetical questions. It is apparent, however, from the answers of the doctors, that had defendant raised the point in the lower court, we would hold that there was no error in overruling the objections. The question is too long to be set forth in full; but following the hypothetical statement of conditions, Dr. Glasscock was asked to state, "assuming all these facts to be true, whether or not in your opinion there was any connection between the injuries received at the accident that I have enumerated and the condition of the patient at the present time." He answered:

"If he was well before this accident, and not suffering from any trouble with his nervous system at the time the examination was made, and that trouble commenced immediately or shortly after the accident, I would say that his condition was due to the accident, in my judgment."

Dr. Krall answered the same question as follows:

"Well, I could answer that question in this way again. If he was my patient, if he came to me as a patient, I would strongly suspect that his symptoms were due to the injury, or were a result of the injury, rather."

·He was further asked whether in his opinion there would be any connection between the accident or the shock and the condition of plaintiff as stated in the main question. His answer was:

"Well, in my opinion there could be. But again, from the standpoint of a medical man, I would have to say that I want to observe the patient before I say whether there are."

Neither physician testified positively to his opinion on the assumed facts. Dr. Glasscock's answer was as to his judgment, and that was given only upon the qualification that prior to the accident the plaintiff had not suffered from any nervous trouble, etc. All that Dr. Krall testified was that, assuming the facts stated in the question to be true, there *could* be some connection between the plaintiff's condition and the accident; and he qualified this by stating that he would want to observe the patient before he could say whether there was or was not.

It is seriously insisted that the court invaded the province of the jury by instructing them that the defendant was guilty of the negligence charged in the petition. In the first instruction the court, in stating in substance what the petition alleged, failed to repeat before each statement the fact that it was alleged in the petition. The defendant argues that the jury could, and probably did, assume that the court was stating, as a matter of fact, that plaintiff's injuries were caused by the negligence of the defendant in the particulars mentioned, because the second paragraph of the instruction does not commence with the introductory word "that." At the oral argument here the court intimated that it did not care to hear an extended argument upon this question. The trial court gave the usual instructions as to the burden of proof on the part of the plaintiff to establish negligence, and it is not possible that anyone misunderstood the charge. Some allowance must be made for the intelligence of jurors. After the court had carefully stated the things charged by plaintiff as negligence and the rules of evidence and burden of proof upon that issue, the court was not required in every reference to the alleged negligence to repeat the language of the petition. To do that in every instruction would tend only to confuse a jury.

Other instructions are complained of because they read that if the jury found from the preponderance of the evidence *"substantially"* as alleged in plaintiff's petition, the defendant was negligent as alleged. It is insisted that the court permitted the jury to determine for itself whether the evidence did substantially prove negligence of the defendant; that this broadened the issues and permitted the jury to return a verdict outside the pleadings. We do not think there was anything in the instructions to confuse or mislead the jury in this respect.

The same may be said of the criticism of an instruction in which the court charged: "If you find from the evidence that plaintiff's *present condition* is caused by illness or disease," etc., the complaint being that the court advised the jury that plaintiff was in some sort of an abnormal condition at the time of the trial. It was not seriously contended that the plaintiff was not injured to some extent as a result of the accident, and the principal question was the extent of his injuries which resulted.

The defendant asked the court to give the following instruction:

"I instruct you that as a matter of law it is negligence to drive an automobile along the highway on a dark night at such speed that it cannot be stopped within the distance that objects can be seen ahead of it, and if you find and believe from the evidence that at the time plaintiff claims to have been injured it was dark and the weather was foggy, and if you further find that the automobile in which plaintiff was riding was being driven at such a speed that it could not be stopped within the distance that the truck with which it collided could, by the exercise of ordinary diligence on plaintiff's part, have been seen by plaintiff, then plaintiff cannot recover and your verdict will be for the defendant."

The court refused to give it as requested, but took the instruction and made it apply both to the plaintiff and the defendant, and charged:

". . . and further find from the evidence that the defendant's driver, McCrea, or the plaintiff, was driving at such a speed that he could not stop within the distance that an object ahead could be seen by the exercise of ordinary care and prudence, this would constitute negligence on the part of the defendant or plaintiff or both, as you may determine from the evidence."

Complaint is made of the giving of the instruction, because it is said that the petition did not charge the defendant with negligence of that character. Neither did the answer of the defendant charge that the plaintiff was guilty of such negligence, although the answer specified the particular negligence of the plaintiff which was alleged to be contributory. We think, therefore, that the error was invited

by the defendant. It has been held that "a party cannot take advantage of the use by the court of language which that party has asked the court to use in an instruction requested by it." *(Ft. S. W. & W. Rly. Co. v. Fortney,* 51 Kan. 287, syl. ¶ 3, 32 Pac. 904; see, also, *C. K. & W. Rld. Co. v. Brunson,* 43 Kan. 371, 23 Pac. 495.) It is not at all probable that the error affected the rights of either party. There was no proof that either car was driven at such a speed that it could not be stopped within the distance that objects could be seen ahead of it; and in the absence of any evidence upon that matter, and in view of the specific negligence charged against the driver of the truck, neither party was hurt by the instruction given.

The only serious question raised in the appeal is whether the amount of the verdict is excessive. Plaintiff was injured on January 2 and went to work for another packing company on April 15, and was continually employed thereafter at considerable increase of salary until a week before the trial. It is true that his testimony shows that at intervals during that period he was obliged to go to Excelsior Springs and take treatment there for several days, or at times for a week or more. His physicians testified that he was suffering from neurosis, without defining what that disease is or its effect upon his general health. The judgment seems to us to be large in view of all the facts and circumstances, but we cannot say that it is so excessive as to justify this court in directing its reduction or ordering a new trial.

The judgment is affirmed.