No. 29,498.

The Southern Surety Company, *Appellant*, v. William H. Parsons, *Appellee*.

(295 Pac. 727.)

Opinion filed February 7, 1931.

*John H. Wilson,* of Salina, *D. D. Miller,* of St. Louis, Mo., and *J. W. Rogers,* of Kansas City, Mo., for the appellant.

*Alex H. Miller,* of Salina, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one by a surety company which, pursuant to policies issued to a contractor, had paid a judgment for compensation rendered against the contractor, to recover the amount of the payment from a subcontractor whose employee was killed. A demurrer to the petition was sustained, and plaintiff appeals.

The board of county commissioners of Saline county let a contract to construct a highway, to Campbell & Lochenmaier, who sublet the work of removing a hedge to William H. Parsons, who in turn employed Walter Parsons. While operating a hedge-pulling machine Walter Parsons received an injury which caused his death. His dependents recovered a judgment for compensation against Campbell & Lochenmaier, who held policies issued by the Southern Surety Company insuring payment of compensation in such cases, and pursuant to the policies the surety company paid the judgment. The surety company then sued William H. Parsons, basing its cause of action on the provisions of R. S. 44-503, which reads as follows:

"(*a*) Where any person (in this section referred to as principal) undertakes to execute any work which is a part of his trade or business or which he has contracted to perform, and contracts with any other person (in this section referred to as the contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any workman employed in the execution of the work any compensation under this act which he would have been liable to pay if that workman had been immediately employed by him; and where compensation is claimed from or proceedings are taken against the principal, then, in the application of this act, references to the principal shall be substituted for references to the employer, except the amount of compensation shall be calculated with reference to the earnings of the workman under the employer by whom he is immediately employed. (*b*) Where the principal is liable to pay compensation under this section he shall be entitled to indemnity from any person who would have been liable to pay compensation to the workman independently of this section, and shall have a cause of action therefor. (*c*) Nothing in this section shall be construed as preventing a workman from recovering compensation under this act from the contractor instead of the principal. (*d*) This section shall not apply to any case where the accident occurred elsewhere than on or in, or about the premises on which the principal has undertaken to execute work or which are otherwise under his control or management, or on, in, or about the execution of such work under his control or management. (*e*) A principal contractor, when sued by a workman of a subcontractor, shall have the right to implead the subcontractor. (*f*) The principal contractor, who pays compensation voluntarily to a workman of a subcontractor, shall have the right to recover over against the subcontractor."

The petition did not state facts showing that Walter Parsons met his death under circumstances creating liability to pay damages. The petition did not state facts showing that William H. Parsons was an employer subject to the terms of the workmen's compensation act. For purpose of the decision it may be assumed that the death of Walter Parsons was not the result of actionable fault, that he was the only employee of William H. Parsons, and that William H. Parsons had not elected to come within the provisions of the workmen's compensation act.

The workmen's compensation act contains the following provisions:

"If in any employment to which this act applies, personal injury by accident arising out of and in the course of employment is caused to a workman, his employer shall, subject as hereinafter mentioned, be liable to pay compensation to the workman in accordance with this act. Save as herein provided no such employer shall be liable for any injury for which compensation is recoverable under this act: . . ." (R. S. 44-501.)

"It is hereby determined that the necessity for this law and the reason for

its enactment, exist only with regard to employers who employ a considerable number of persons. This act, therefore, shall only apply to employers by whom five or more workmen have been employed continuously for .more than one month at the time of the accident: *Provided, however,* That employers having less than five workmen may elect to come within the provisions of this act, in which case his employees shall be included herein, as hereinafter provided: *And provided further,* That this act shall apply to mines without regard to number of workmen employed." (R. S. 44-507.)

"Every employer entitled to come within the provisions of this act, as defined and provided by this act, shall be presumed to have done so, except such employer privileged to elect to come within the provisions of this act, as provided in section 1 hereof and Laws of 1913, chapter 216, section 3, unless such employer shall file with the secretary of state at Topeka, Kan., a written statement that he elects not to accept thereunder, and thereafter any such employer desiring to change his election shall only do so by filing a written declaration thereof with the secretary of state. Notice of such election shall be forthwith posted by such employer in conspicuous places in and about his place of business."

"Note.—'L. 1913, ch. 216, sec. 3,' referred to herein, is § 44-507; 'section 1 hereof' referred to is § 44-505." (R. S. 44-542.)

Since the legislature took pains to devote a separate section of the law to the specific topic of what employers were subject to the act, other employers were excluded, and the remainder of the act must be read accordingly. Many words cannot make this plainer, and the statute was so interpreted in the case of *McIlvain v. Oil & Gas Co.*, 110 Kan. 266, 268, 203 Pac. 701.

In the McIlvain case the Prairie Oil & Gas Company was engaged in engineering work—drilling an oil well. Earl Blue was employed to haul casing to the well, which was not engineering work, and was not work done on, in, or about the place where the Prairie company was doing engineering work. Blue employed McIlvain and McIlvain was Blue's only employee. McIlvain was injured and sued the Prairie company and Blue. It was held the Prairie company was not liable to pay compensation, although subject to the act, because Blue was an independent contractor whose employment had nothing to do with that part of the Prairie company's business which brought it within the act. (See *Purkable v. Greenland Oil Co.*, 122 Kan. 720, 722, 253 Pac. 219.) It was further held that Blue was not liable, for two reasons: First, because of the nature of his work, which as indicated also relieved the Prairie company; and second, because Blue did not employ five or more men, and had not elected to become subject to the workmen's compensation act.

Plaintiff calls attention to the fact that subdivisions (*e*) and (*f*)

of R. S. 44-503 say nothing to the effect that the contractor must be one operating under the workmen's compensation act. That was said once for all in R. S. 44-507.

Plaintiff's brief contains the following:

"If subdivision (a) [R. S. 44-503] means anything at all, it means that when the subcontractor joins his forces to those numbering five or more employed in a hazardous job, then the subcontractor automatically subjects himself to the provisions of the act to the extent specified in section 4."

Subdivision (a) has nothing to do with a subcontractor joining forces with anybody. A contractor undertakes to execute work. Unless he employs five or more men, or has elected to come under the act, the workmen's compensation act does not apply to him. If it does apply to him because he employs five or more men, there is no further counting of men. He becomes liable to pay compensation to any workman on the job, as if the workman were one of his own force. If the act applies to the contractor because of his election to come under the act, he becomes liable to pay compensation, although the number on the whole job does not equal five.

The only automatic way for the subcontractor to come under the act is prescribed in R. S. 44-542. Being engaged in a hazardous business, and employing five or more men, he is presumed to be under the act. But this does not apply to an employer who does not employ as many as five men. Such an employer is not presumed to be under the act, and the only way the act can be made to apply to him is by his election, as provided for in R. S. 44-507.

In the case of *Stover v. Davis,* 110 Kan. 808, 205 Pac. 605, Davis contracted to drill an oil well for the Ramsey Petroleum Company. Stover was a driller and was injured while casing was being pulled by a casing crew employed and paid by the petroleum company. The contractor did not employ as many as five men for the period required to bring the contractor under the workmen's compensation act. In an action by Stover against the contractor for compensation Stover wanted to count the casing crew. In the opinion the court copied the statute, now R. S. 44-507, said the section was too plain to require interpretation, and said the public interest and public policy which prompted the statute ceased to be concerned with the contractor's business when the number of the contractor's employees fell below the statutory minimum. The supreme court of Wisconsin interprets in the same way the provision of the workmen's compensation act of that state relating to subcontractors who

employ fewer than the number of men required to bring the subcontractor under the act. (*Kloman v. Industrial Comm.*, 181 Wis. 505.)

Plaintiff cites a case from one of the courts of appeal of Louisiana. The facts of the case were that the Louisiana Oil Refining Corporation drilled and operated oil wells. It employed Miller to furnish wagons and teams to distribute machinery and supplies. Miller employed Jones to drive a team. Miller was not an independent contractor, but he and Jones were subject to the direction and control of the refining company. Jones was injured and sued the company. The company was clearly liable and it called in Miller. Judgment was given for Jones against the company, and judgment was given for the company against Miller. Concerning Miller's liability the court said:

"Miller accepted employment under the provisions of the act, and thereby became a warrantor to defendant.

"There are two kinds of warranty under the Code of Practice, real and personal. Personal warranty is that which takes place in personal actions. It arises from the obligation which one has contracted to pay the whole or a part of the debt due by another to a third person. (Code of Practice, article 379.)

"As stated, Miller accepted employment under the act, which creates an obligation on his part to indemnify defendant in case defendant should be condemned to pay compensation to one of his employees. He is therefore a personal warrantor of defendant under article 379 of the Code of Practice." (*Jones v. Louisiana Oil Refining Corporation*, 3 La. App. 85, 88.)

The opinion does not refer to any provision of the workmen's compensation act of Louisiana which made Miller's acceptance of employment acceptance of employment under the act, created an obligation on his part to indemnify the oil refining company, and made him a warrantor under the Louisiana practice act. This court has not searched the Louisiana workmen's compensation act for provisions of the character indicated. In this instance William H. Parsons did not bring himself under the Kansas workmen's compensation act by contracting to pull the hedge, and by employing a man to help him.

The judgment of the district court is affirmed.