No. 31,062.

JOSEPHINE E. GAMBLE, *Appellant,* v. THE BOARD OF PUBLIC UTILITIES OF KANSAS CITY, *Appellee.*

(19 P. 2d 729.)

Opinion filed March 11, 1933.

*A. M. Etchen,* of Kansas City, for the appellant.

*William Drennan* and *Otto Ziegelmeyer,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by the wife of a workman to recover compensation, resulting from the injury and death of the workman. Charles E. Gamble had been employed in the electric light plant of Kansas City ever since its construction about thirty-eight years ago, and continued to work in and about the plant since it was acquired by the city of Kansas City about twenty-two years ago. On November 19, 1931, he sustained an accidental injury while he was enrolled as a machinist helper. The injury was sustained by him when he fell from a chair in the main room of the plant, which had a tile floor, and in some way he fell on the tiling causing injury to his shoulder. He was picked up by other employees and taken to his home, suffering from injuries to his leg and hip. After the injury he at once developed a cough which continued to grow worse and finally developed into pneumonia, from which he died on December 11, 1931, about three weeks after the injury. A claim for compensation was presented, but the commissioner found that deceased's death did not arise out of his employment and denied compensation. On an appeal to the district court the findings and award of the commissioner were affirmed in all respects.

The evidence upon which the finding of the commissioner was based appears to be that Gamble, who was about eighty years of age when injured, had sustained an earlier injury in an automobile accident on July 15, 1931, which was in no way connected with his employment, and he did not return to the light plant until August 30, 1931. He was then feeble and infirm and thought to be unfit for work. The foreman with whom he had previously worked testified that when he came back to the plant, about a week before his fall and injury, he had ordered Gamble not to do any work as he was physically unable. That order to cease work, the foreman said, was due to fear that he would injure himself, and practically no work was done by him. He sat in a chair in the main room of the plant, and the foreman had directed a fellow employee to keep him sitting until he could find something to do with him. It appears that he was kept on the rolls and was paid wages after he returned to the plant; and these wages, the commissioner found, amounted to a pension or a gratuity. The commissioner found, among other things, that the injury of November 19, 1931, arose in the course of the employment—

"But when the question is considered as to whether or not it arose out of that employment, we meet with this difficulty: Although the finding is made herein that deceased was an employee of respondent at the time of the injury in November, there is absolutely nothing in the record to indicate what sort of employment that was or what his duties at the plant consisted of. Not knowing what was expected of him at his work, it is impossible to say that any sort of an accident arose out of his employment. In addition to that, there is in this case the proposition that there is no evidence as to what caused the fall or what deceased was doing at the time of the fall. Claimant attempted to show that the floor where deceased fell was slippery, but the evidence does not substantiate that theory, and, in fact, is to the effect that the floor was an ordinary tile floor, not particularly slippery, and it was compared by various witnesses to the floor in the court room where the hearing was had. The evidence also shows that deceased was infirm and feeble and had fallen several times at the plant since his injury in July. If his own physical condition was the cause of his fall on November 19, 1931, no recovery can be had herein, on the authority of Cox v. Refining Company, 108 Kan. 320, cited by respondent in its brief. Nothing in the evidence negatives this proposition. The burden is upon claimant to show that the injury arose out of the employment by a preponderance of evidence, and she having failed to sustain this burden, the decision must be against her."

The case turns upon whether the injury sustained arose out of the workmen's employment. Unless it did so arise, it cannot be regarded as a liability upon industry nor within the compensation

act. So far as the record shows, the workman was doing nothing within his employment when he fell from the chair and practically had done nothing since he returned from his former injury. In *Cox v. Refining Co.*, 108 Kan. 320, 195 Pac. 863, the court considered the phrase, "arising out of the employment," and in that connection said:

"But it is not sufficient to impose liability upon the injured workmen's employer that the injury arose in the course of the employment. There is another and more important prerequisite. The injury must also arise out of the employment. It must arise because of it, or in some reasonable way be traceable to it. The injury must in some sense be due to the employment. The philosophy on which the workmen's compensation act is founded is that the wear and tear of human beings in modern industry should be charged to the industry just as the wear and tear of machinery has always been charged. And while such compensation is primarily chargeable to the industry and consequently to the employer or owner of the industry, eventually it becomes a part of the fair money cost of the industrial product, and to be paid for by the general public patronizing such product." (p. 322.)

*Sellers v. Reice Construction Co.*, 124 Kan. 550, 262 Pac. 19, is an instructive case wherein the phrase "out of the employment" is interpreted and its application under differing circumstances stated. There an employee of a ditching company noticing that his foreman had parked his automobile at a place where he thought it would be in danger by an approaching truck loaded with timbers, left his work and obtained from the foreman a key to the car and started to move it to what he thought would be a safer place. In doing so he drove a short distance to and across a railroad track where he was struck by a passing railroad train and was killed. Compensation was sought, and the question presented was, Did the injury arise out of his employment? It was held that Sellers was employed to do construction work and not to look after the foreman's car, and after discussing causal relation and that the injury must be reasonably traceable to the employment or an incident of it, remarked:

"The real question involved in such cases is whether the risk was one within the purview of the statute and, generally speaking, it is sufficient if the injury result from causes originating within the employment, considered as a protected field. If in any case the cause of injury takes its rise from something extraneous to the employment, the injury does not arise out of the employment, and recovery should be denied on that ground, not on the ground that the employment is not proximate cause." (p. 554.)

On the same line see, also, *McNicol's Case*, 215 Mass. 497; *Coronado Beach Co. v. Pillsbury*, 172 Cal. 682.

What was Gamble doing towards his employment when he was injured? It may be assumed that his injury resulted from a fall from the chair he was occupying, but what was he undertaking to do when he fell and what, in fact, caused the fall? On these questions the record is silent. The burden was upon the claimant to prove, not only that he was an employee of defendant, but that the injury which caused his fall arose out of his employment, and the court held that in the absence of evidence the court was left to guess how he fell and what he was doing when he fell and remarked that:

"The court does not feel that it is justified in supplying testimony which is lacking and basing a finding only upon speculation and not supported by any evidence whatever, to the effect that it arose out of his employment. And does not believe that a failure on the part of the claimant to sustain the burden of proof that the injury arose out of the employment can be remedied by a finding of the court, based only upon guess, conjecture or surmise."

The case of *Corpora v. Kansas City Public Service Co.*, 129 Kan. 690, 284 Pac. 818, relied on by the plaintiff, is not an applicable authority in the present case. There the injury was sustained after the employee had been checked in to the premises and had gone to a dressing room to change clothes and while doing so fell and sustained an injury. The dressing room was provided by the employer for the purpose of accommodating employees and facilitating the work. It was a preparation necessary to beginning work and was so recognized by the employer. It was therefore held to be an incident of the employment and the injury a compensable one. It is clearly distinguishable from the circumstances of the instant case, and in the absence of evidence to show that the injury arose out of the employment it must be held that the decision of the district court was correct, and it is therefore affirmed.