No. 32,914

WILLIAM THAYER, *Appellee*, v. WILLIAM E. BOWLER, *Appellant*.

(58 P. 2d 59)

Opinion filed June 6, 1936.

*E. E. Martin* and *Alan W. Farley*, both of Kansas City, for the appellant.
*Joseph Cohen* and *A. M. Etchen*, both of Kansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was a workmen's compensation case; the claimant recovered an award for total temporary disability; the employer has appealed. The principal question presented is whether the work in which claimant was engaged at the time of his injury is within the purview of the workmen's compensation act.

There is no substantial controversy about the facts, which may be stated as follows: The employer, Bowler, is a painter by trade and is principally engaged in painting houses for others. A building and loan association usually employed him to paint houses it owned. He owned four residence properties of his own, and had "an equity" in eight others. He lived in one of these and rented the others. He did the painting and papering of the houses and other work on or about these properties necessary to keep them in tenantable condition. The claimant was a laborer on "relief work" two or four days a week. He was one of Bowler's tenants and had become in arrears in his rent. To give him employment to apply upon his rent Bowler employed him at fifty cents per hour to help with the work needed to be done on his various properties. This employment was for days, or parts of days, when claimant was not on the "relief work." The nature of his work was that of helper to Bowler when he was painting, hanging paper, plastering, or doing other repair work on the buildings, and building or repairing fences, retaining walls and other work about the rental properties not directly connected with the buildings.

On the morning of June 19, 1935, Bowler asked claimant to go with him to one of .his houses where he expected to paper some of the rooms. When they reached the place Mr. Hunt, an elderly man, who resided in an adjoining property, came out and asked them to saw a limb off a tree. The tree, about eighteen inches in diameter, stood in Bowler's lot near the property line, perhaps 75 feet from the house. It had a limb about .six inches in diameter branching off from its trunk about twelve feet from the ground and extending over Hunt's lot. Bowler said he had no ladder or saw. Hunt furnished those. Bowler sawed the limb off a foot or more from the trunk of the tree. He and Hunt then concluded it should be sawed off close to the trunk and painted. Hunt furnished the paint. Bowler told claimant to do that while he went to the store to get the paper needed to paper the rooms of the house. Claimant sawed off the stump of the limb and painted it, but in getting down fell from the ladder and sustained the injury for which he claims compensation. The record does not show claimant worked for Bowler thereafter, but he did continue his "relief work" without any interruption from the injury, although he was put at a lighter task because of it.

The compensation commissioner found that the work in which claimant and his employer were engaged at the time of the accidental injury was "building work," within the meaning of our workmen's compensation law; that his average earnings at this work were $16 per week, and that the injury resulted in claimant's total disability for the temporary period of twenty-one weeks and four days. Compensation was awarded accordingly. This was approved and confirmed by the district court.

Appellant contends the court erred on a question of law in holding the work in which claimant was engaged at the time of his accidental injury was "building work," as that term is used and defined in our workmen's compensation act. That act, by its terms (R. S. 1933 Supp. 44-507), applies to "building work" without regard to the number of workmen employed or the period of time employed, and it defines that term [R. S. 1933 Supp. 44-508 (f)] as follows:

" 'Building work' means any work in the erection, construction, extension, decoration, alteration, repair or demolition of any building or structural appurtenances."

In *Harrel v. Quiring*, 125 Kan. 249, 250, 264 Pac. 46, it was said:

"To be within the statute, building work must be expended on a building or building appurtenance."

Indeed, the language of the statute makes that clear. A tree in the yard, some distance from the house, is not a building; neither is it a "structural appurtenance" to a building. The work of trimming the tree was not building work any more than sodding or mowing the lawn, setting out or trimming shrubbery, or planting or tending a garden would be. Our workmen's compensation act specifically enumerates the kinds of work or industry to which it applies. It does not apply to kinds of work or industry not so enumerated. (See *Southern Surety Co. v. Parsons*, 132 Kan. 355, 295 Pac. 727, and authorities there cited.)

We pass, without deciding, the question whether Bowler was within the purview of the workmen's compensation act while papering and painting his own house (*Setter v. Wilson*, 140 Kan. 447, 37 P. 2d 50), for the record does not clearly show the question was specifically raised and determined in the trial court; but, if so, the injury of which claimant complains did not arise out of that work, and is not compensable. (See *Sellers v. Reice Construction Co.*, 124 Kan. 550, 262 Pac. 19; *Gamble v. Board of Public Utilities*, 137 Kan. 227, 19 P. 2d 729; *Covert v. John Morrell & Co.*, 138 Kan. 592, 27 P. 2d 553; *Finck v. Galloway*, 139 Kan. 173, 29 P. 2d 1091; *Rush v. Empire Oil & Refining Co.*, 140 Kan. 198, 34 P. 2d 542.)

We have examined the cases cited and relied upon by appellee (*Tierney v. Telephone Co.*, 114 Kan. 706, 220 Pac. 190; *McDonnell v. Swift & Co.*, 124 Kan. 327, 259 Pac. 695; *Taylor v. Hogan Milling Co.*, 129 Kan. 370, 282 Pac. 729; *Corpora v. Kansas City Public Service Co.*, 129 Kan. 690, 284 Pac. 818; and *Woods v. Jacob Dold Packing Co.*, 141 Kan. 363, 41 P. 2d 748), and find each of them distinguishable from the case before us in that what was being done at the time of the accidental injury was in some way a part of the work or industry within the purview of the compensation act. Here the work being done had nothing to do with work on buildings or structural appurtenances thereto.

Other questions argued by appellant need not be discussed.

The result is, the judgment of the court below must be reversed with directions to enter judgment for respondent. It is so ordered.