No. 35,841

ARTHUR N. TAYLOR, *Appellant,* v. G. V. TAYLOR, doing business as THE H & T REFINING COMPANY, and ST. PAUL MERCURY INDEMNITY COMPANY, *Appellees.*

(137 P. 2d 147)

Opinion filed May 8, 1943.

*Arthur C. Hodgson,* of Lyons, argued the cause, and *John Henry Lewis,* of Great Bend, was on the briefs for the appellant.

*Glenn Porter,* of Wichita, argued the cause, and *Getto McDonald, Dwight S. Wallace, William Tinker* and *Arthur W. Skaer,* all of Wichita, were on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was a proceeding under the workmen's compen-

sation act. The district court denied any award to the claimant and he appeals.

In a preliminary way it may be stated that G. V. Taylor operated a business of refining oil and making gasoline and other petroleum products at Chase, Kan., under the name H & T Refining Company, and that the St. Paul Mercury Indemnity Company was his insurance carrier. Arthur Taylor, a son of G. V. Taylor, was an employee of his father. He was injured under circumstances later set forth, and filed a claim for compensation. At the hearing before the workmen's compensation commissioner, the fact that claimant was injured was admitted; and the respondent admitted, and the insurance carrier denied, that the injury arose out of and in the course of the employment. The commissioner found, in addition to the refining business, the respondent also dealt in livestock and kept a part of his cattle on the same tract of land on which his refinery was located. While claimant was working at the refinery he noticed that a bull calf had gone through the fence, and he and his father went after the calf. In attempting to capture and return the calf the son fractured his leg, and it is these injuries for which he sought compensation. As there is no dispute about the extent of his injuries, or the wages paid him, these matters need not be further mentioned. As to the liability of the father, the commissioner found he had testified he intended to make himself liable for workmen's compensation in case of injury to any of his employees, regardless of what the employee was doing, and that there was testimony other employees had handled the livestock. The commissioner found the work being performed by the claimant at the time of his injury was not in connection with the oil business and an award was made to that effect, but by reason of the respondent's testimony he intended to be liable to his employees, an award was made against him. The result was an award for claimant against respondent and denial of any award against the insurance carrier. Thereafter the claimant and the respondent filed separate appeals from the particular findings that the insurance policy did not cover the character of work claimant was performing when injured, and from the denial of an award against the insurance carrier.

On the hearing of the appeals by the district court it made findings of fact and conclusions of law which disclose the appealing claimant and respondent contended that because the insurance carrier had not appealed the award had become final, and the insurance

carrier, under its policy of insurance, was bound to pay the award in favor of the claimant against the respondent, and that the district court could not review the record before the compensation commissioner to determine whether the award was rightfully or wrongfully made. The trial court stated its opinion was that by reason of the appeals, appellants had brought before the court the entire record and transcript of proceedings and had conferred upon the court jurisdiction to affirm the award or to modify it or set it aside, and the mere fact they attempted to limit their appeals did not take away from the court its statutory right and duty to review the proceedings before the commissioner and to pass judgment accordingly. After reviewing the testimony about the situation of the parties and the manner of the accident, the court found the injury was not occasioned by an accident arising out of and in the course of claimant's employment in and about the refinery, but was received from a purely agricultural pursuit conducted by G. V. Taylor personally; that he had never elected to come under the workmen's compensation law as respected his agricultural pursuits, and that the only manner in which an award could be made by the commissioner would be because of an injury to a workman in the refinery plant conducted by the respondent. After reviewing the terms of the insurance policy and the extent of its coverage the court further found that the mere fact the father was willing for an award to be made against him in favor of his son did not confer jurisdiction upon the workmen's compensation commissioner to make such an award, and even if it did, the policy of insurance could not be expanded to cover the injury sustained by claimant. The court concluded that as a matter of law no award could be made in favor of claimant against either the respondent or his insurance carrier, and it refused to make such an award. It set aside the award made by the compensation commissioner in favor of claimant against the respondent. From this judgment the claimant appeals to this court, his specifications of error being the district court erred in reviewing the entire record before the workmen's compensation commissioner, when the appeals were only from specific findings and awards, and in holding the policy of insurance did not cover the injury sustained by the claimant.

The original workmen's compensation act (Laws 1911, ch. 218, subsequently amended and appearing as R. S. 44-501 *et seq.*) contained no provision for an appeal from an award, but did provide

for an action in the district court, triable with or without a jury (Laws 1911, ch. 218, § 36; Laws 1917, ch. 226, § 20, R. S. 44-534). All of the above provisions were repealed when in 1927 the entire workmen's compensation act was rewritten and enacted as Laws 1927, ch. 232, which as subsequently amended in parts, appears as G. S. 1935, ch. 44, art. 5. Under original section 42 of that act provision was made for an appeal to the district court from an award of the commission, but no specific provision was made for a further appeal to the supreme court. In *Norman v. Consolidated Cement Co.*, 127 Kan. 643, 274 Pac. 233, decided in February, 1929, this court, in determining whether such an appeal did lie, reviewed the then recently enacted statute. It took notice of the appellant's contention the action of the district court was a final order, and that an appeal would lie therefrom under the code of civil procedure, and answered that by observing the new act was a comprehensive statute intended to cover every phase of the right to compensation and of the procedure for obtaining it, and that the court was not warranted in borrowing rules from the civil code and not included in the compensation act. It was held the supreme court was without authority to entertain the appeal, and it was dismissed. By Laws 1929, ch. 206, the statute was amended to authorize an appeal to this court, and as amended, is now the law. (See G. S. 1935, 44-556.) Since 1927, it has been held repeatedly that the workmen's compensation act establishes its own procedure and furnishes a remedy which is substantial, complete and exclusive from the inception of the claim to final judgment thereon. See *Employers' Liability Assurance Corp. v. Matlock*, 151 Kan. 293, 98 P. 2d 456, and cases cited.

For our purposes here, the section of the workmen's compensation act dealing with appeals reads as follows:

"Any party to the proceedings may appeal from any and all decisions, findings, awards or rulings of the commission to the district court . . . upon questions of law and fact as presented and shown by a transcript of the evidence and proceedings as presented, had and introduced before the commission. . . . On any such appeal the district court shall have jurisdiction to grant or refuse compensation, or to increase or diminish any award of the commission as justice may require." (G. S. 1935, 44-556.)

Appellant directs our attention to definitions of the word "any" as meaning one or a portion from among a number, class or total, and argues that the use of the phrase "any and all decisions, findings," etc., in prescribing right of appeal, is an indication the legislature intended appeals could be either limited or general. In sup-

port of that contention, appellant cites no authority directly in point, but relies upon authorities and decisions treating generally of what is covered by an appeal from one court to another court. It would seem that if rules of procedure contained in the civil code were not applicable to determination of liability under the workmen's compensation act, rules of appellate practice based on code provisions also would be inapplicable to determine right or extent of appeal.

It is to be observed that the section under consideration contains language further than that relied on by the appellant, and which cannot be ignored. The appeal is upon questions of law and fact as presented and shown by a transcript of the evidence and proceedings, which language would seem to indicate the appeal was upon the whole record; but more persuasive is the later provision that on any appeal "the district court shall have jurisdiction to grant or refuse compensation, or to increase or diminish any award of the commission *as justice may require.*" If the district court is to render its judgment as justice may require, certainly it must take into consideration the entire record as disclosed in the transcript which the statute requires to be submitted on any appeal. That consideration covers both questions of law and of fact. Questions of law are not mere abstractions; they are dependent upon the facts of the case and the district court must find those facts preliminary to its determination of the law. Without further exposition or elaboration, we think the trial court ruled correctly in holding that the attempt of the claimant and respondent to limit their appeals from the award of the commission to the district court did not deprive that court of its right and duty to examine the transcript of the evidence and proceedings, and to pass judgment thereon as justice required.

Appellant makes no complaint but that if the trial court had power to review the entire transcript and pass unrestricted judgment thereon, its judgment that claimant's injuries were sustained in an employment not covered by the workmen's compensation act, finds ample support in the record. In this connection, it may be observed that essentially there is no dispute of fact between the findings of fact of the commission and those of the district court—the essential difference is a conclusion of law drawn from those facts. The question under those facts was, Was the claimant under the protection of the workmen's compensation act? We think the district court correctly decided that question.

Appellant's contentions concerning insurance coverage are predi-

cated on his first contention being sustained. It has not been. We may say, however, that an examination of the insurance policy, as abstracted, shows that its coverage was limited to respondent's employees in his refinery operations and did not cover his agricultural operations.

The judgment of the district court is affirmed.