No. 36,285

CLIFFORD E. TUGGLE, *Appellee*, v. SARAH PARKER, doing business as
GREYHOUND CAB COMPANY, *Appellant*.

(156 P. 2d 533)

Opinion filed March 10, 1945.

*N. E. Snyder*, of Kansas City, argued the cause, and *Frank H. Thompson*,
of Kansas City, was on the briefs for the appellant.

*A. M. Etchen*, of Kanas City, argued the cause, and *Gene Diemer*, of Kansas
City, Mo., was on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for workmen's compensation. The
commissioner heard the case and allowed compensation. On appeal
to the district court this award was affirmed and compensation
awarded. The respondent has appealed.

The injured workman was a driver for respondent, a taxicab com-
pany, which owned and operated a fleet of taxicabs in Kansas City,
Kan., and Kansas City, Mo. The method of operation was that it
maintained an office, at which place there was a telephone operator,
so that when some person in either one of the Kansas Cities desired
a taxi he called the number of that telephone and the taxi was sent
with a driver to that address, wherever it was; then when he deliv-
ered a passenger he called in and the operator told him where else
he should go. While making such a trip the car which the workman
was driving collided with another automobile and he was injured.
For the purpose of this discussion there is no question but that he
was injured, nor is there any question about his earnings. The sole
question with which we are concerned is whether or not his employer
was under the workmen's compensation act. It had never filed an
election to come under the law, nor had it qualified as a self-insurer
under our workmen's compensation act. The act provides what em-
ployments shall come under it. The language used is as follows:

"That this act shall apply only to employment in the course of the employer's trade or business in the following hazardous employments: railway, motor transportation line, factory, mine or quarry, electric, building or engineering work, laundry, natural-gas plant, county and municipal work, and all employments wherein a process requiring the use of any dangerous explosive or inflammable materials is carried on, each of which employments is hereby determined to be especially dangerous, in which from the nature, conditions or means of prosecution of the work therein, extraordinary risk to the life and limb of the workmen engaged therein is inherent, necessary, or substantially unavoidable, and as to each of which employments it is deemed necessary to establish a new system of compensation for injuries to workmen." (G. S. 1935, 44-505.)

Particular attention is called to the words "motor transportation line" in the above provision. The workmen's compensation act was generally rewritten in 1927. Up to that time the words "motor transportation line" had not appeared in the above section. Amongst other changes made in the law in 1927 was the addition of the words "motor transportation line." (Laws 1927, ch. 232, § 5; also R. S. 1923, 44-505.) The statute as orginally passed contained another section where certain terms, such as railway, factory, quarry, etc., were defined. (See R. S. 1923, 44-508.) When the statute was amended in 1927 no definition of motor transportation line was included. Our question is, do the words "motor transportation line" include an employer who is operating a fleet of taxicabs such as has been described herein? It is generally known that motor transportation lines for both persons and property were just becoming a generally accepted business in the state about 1927 when the amendment, to which reference was made, was enacted. The operation of taxicabs, however, had been going on for many years prior to that time.

Another persuasive circumstance is that the legislature used the word "line" in the amendment. Had the words "motor transportation" been used it would have been persuasive that any kind of motor transportation for hire was intended.

We find but little help in authorities from other states; nor do we find we have ever passed on the question. It is well established, however, by our authorities that unless a business is named in the act it is not covered by the workmen's compensation act. See *Southern Surety Co. v. Parsons*, 132 Kan. 355, 295 Pac. 727; also *Thayer v. Bowler*, 144 Kan. 136, 58 P. 2d 59. The words "motor transportation line" were construed by this court in *Gillispie v. Martin*, 148 Kan. 440, 82 P. 2d 1091. The question there, however, was

whether delivering goods by means of a motor truck operated by the respondent's employee was operating a "motor transportation line." We held that it was not. The commissioner of workmen's compensation took the view, as appears from his award, that the operation of a taxicab was a dangerous business—hence it was under the act. The trouble about that is, as has already been pointed out, unless the business is named in the act it is not under it.

Webster's New International Dictionary, 2d ed. p. 1435, gives as one of the definitions of "line"—

"A number of public conveyances, as carriages, or vessels, plying regularly under one management over a certain route;"

And the word "route" is defined as—

"A trodden or usual way."

In this type of a case where we are confronted with the task of construing the meaning of the legislature we must bring to our aid all the known definitions and as much of the surrounding facts and circumstances as is possible. The word "taxi" is defined as follows in 37 Am. Jur. 526:

"The word 'Taxi' or 'Taxicab' is one of recent coinage, to describe a motor-driven passenger conveyance propelled by electric or gas power, held for public hire, at designated places, charging upon a time or distance basis, carrying passengers to destinations without following any fixed routes, and performing a service similar to that rendered by horse-drawn cabs or hackney carriages."

One operating a fleet of taxicabs does engage in motor transportation. We have come to the conclusion, however, that it does not operate a motor transportation line, as contemplated by the statute—hence this employer was not covered by the workmen's compensation act.

The judgment of the trial court is reversed with directions to enter judgment for the respondent.