No. 38,590

JAMES E. THORP, *Appellee,* v. VICTORY CAB COMPANY, *Appellant.*

(240 P. 2d 128)

Opinion filed January 26, 1952.

*Joseph Cohen,* of Kansas City, argued the cause, and *Charles S. Schnider* and *Joseph P. Jenkins,* both of Kansas City, were with him on the briefs for the appellant.

*James K. Cubbison,* of Kansas City, argued the cause, and *Blake A. Williamson* and *Lee Vaughan,* both of Kansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was a workmen's compensation case. The workman recovered an award and the employer appeals.

The material facts are quite simple. In substance, they are:

The employer was the Victory Cab Company; it operated a fleet of taxicabs in the city of Kansas City and its surrounding territory; in connection with its taxicab business it operated a shop for the repair and servicing of its taxicabs, the company's trucks, the cars of its officers and cars of others to whom the company had liability for damages; it did no repair work on any other cars; the

shop was equipped with power machinery and other tools and devises suitable for the purpose mentioned; it operated a spray gun for painting cars; the mechanics in the repair shop also went out to service taxicabs in case they ran out of gasoline or needed repairs while on trips; the work of the mechanics, of which claimant was one, was to keep the taxicabs in operating condition; the taxicab company had no fixed routes or fixed termini over which it operated; it merely transported passengers from and to places designated by them; claimant was injured during the early morning of December 21, 1950, while on a trip to deliver gasoline to a taxicab that needed servicing; after stopping his truck on the opposite side of the street from which the cab was located he was struck in the street by an approaching motor car and severely injured.

Exclusive of facts pertaining to claimant's injuries, not involved on appeal, the district court found:

"The court finds the parties are governed by the Kansas Workmen's Compensation Act; that there were five or more employed in the business of respondent, employed within the state of Kansas continuously for more than one month at the time of the accident; that under G. S. 1949, 44-508 (b) of the Workmen's Compensation Law that machine or repair shops are specifically listed as coming under the Act, under the definition of 'factory'; that under Section 44-505 that said Act applies to the employer's trade or business in a 'factory'; that Section 44-542 prescribes that every employer entitled to come within the provisions of the Act shall be presumed to have done so and that Section 44-507 states the action shall apply to employers by whom five or more workmen have been employed within the State of Kansas continuously for more than one month at the time of the accident; that the repair shop in which claimant was employed at the time of the accident was a part of the business and helpful in producing a profit and gain on the whole for respondent."

Respondent, appellant, is the Victory Cab Company. We have held a taxicab company operating a fleet of cabs is not covered by the words "motor transportation line" as used in the workmen's compensation act and, therefore, is not within the act. (*Tuggle v. Parker*, 159 Kan. 572, 156 P. 2d 533.)

One of the above quoted findings of the district court is G. S. 1949, 44-542 prescribes "that every employer *entitled* to come within the provisions of the Act shall be presumed to have done so." (Our italics.) We are obliged to differ with the district court on that point. We concede a statement to that effect may be found in perhaps a few of our opinions including the one in *Kirkpatrick v. Yeamans Motor Co.*, 143 Kan. 510, 54 P. 2d 960, relied on by

appellee. This is not a correct statement of the law and it is over-ruled. In the Tuggle case, *supra,* we repeated what frequently has been said as follows:

"It is well established, however, by our authorities that unless a business is named in the act it is not covered by the workmen's compensation act. See *Southern Surety Co. v. Parsons,* 132 Kan. 355, 295 Pac. 727; also *Thayer v. Bowler,* 144 Kan. 136, 58 P. 2d 59." (p. 573.)

In G. S. 1949, 44-505 the legislature expressly listed the trades or businesses it regarded as constituting hazardous employments. Such employments were thereby automatically placed under the act irrespective of the wishes of the employer. The same statute further expressly provides employers not within the purview of the act may elect to come under it by filing a written election to do so. The same statute also provides the employee, of any employer who voluntarily elects to come within the act, shall be included under the act unless such employee elects not to come within it as provided by G. S. 1949, 44-543. G. S. 1949, 44-542 provides:

"Every employer entitled to come within the provisions of this act, as defined and provided by this act, shall be presumed to have done so, except such employers privileged to elect to come within the provisions of this act, as hereinbefore provided, unless such employer shall file with the commissioner a written statement that he elects not to accept hereunder, and thereafter any such employer desiring to change his election shall only do so by filing a written declaration thereof with the commissioner. Notice of such election shall forthwith be posted by such employer in conspicuous places in and about his place of business."

The above quoted section is not happily phrased and confusion at times has arisen concerning its proper interpretation. Its meaning, however, is no longer open to debate. It has been held to mean employers in nonhazardous trades or businesses, that is, those not expressly listed as hazardous under the act, are not subject to its provisions unless they affirmatively elect to operate under it. Their election is not compulsory but optional. If the election were compulsory it would be futile to provide for an election. By the same token if their election to operate under the act is presumed it was a useless thing to require an election. Absent an affirmative election they are not amenable to the act. ( *Railway Co. v. Fuller,* 105 Kan. 608, 612-614, 186 Pac. 127; *Southern Surety Co. v. Parsons,* 132 Kan. 355, 357, 295 Pac. 727; *Schmeling v. F. W. Woolworth Co.,* 137 Kan. 573, 575-577, 21 P. 2d 337; *Baker v. St. Louis Smelting & Refining Co.,* 145 Kan. 273, 279-280, 65 P. 2d 284; *Crawford v. Atchison, Topeka & S. F. Rly. Co.,* 166 Kan. 163, 199 P. 2d 796 ).

Here there was no such election by appellant. Manifestly the act can have no effect on parties not operating under it. (*Echord v. Rush,* 124 Kan. 521, 261 Pac. 820.) It follows the decision cannot be affirmed on the theory appellant might have elected to bring itself within the purview of the act and that it, therefore, must be presumed it has done so. If that were the rule all nonhazardous employments would be under the act unless an election were made not to be governed by it. Furthermore under such a rule literally thousands of employees in nonhazardous trades or businesses automatically would be deprived of their right to maintain a common law action for damages against their employers for injuries sustained as a result of the employer's negligence. Such a result would constitute a direct violation of the express terms of G. S. 1949, 44-505 and also of G. S. 1949, 44-543.

But what about the liability of appellant under the compensation act for workmen employed in the repair shop? An employer may have various trades or businesses, some of which are within the act and others which are not. (*Shrout v. Lewis,* 147 Kan. 592, 77 P. 2d 973; *Davis v. Julian,* 152 Kan. 749, 107 P. 2d 745.)

G. S. 1949, 44-508 (b) expressly includes a "machine or repair shop" under the definition of a factory and G. S. 1949, 44-505 lists a factory as a hazardous employment. Appellant, however, reminds us a factory is defined in G. S. 1949, 44-508 (b) as a place where, among other things, articles are repaired "for the purpose of trade or gain *of the business carried on therein.*" (Our italics.) It argues the evidence discloses the repair shop was not operated for the purpose of trade or gain "therein" but was merely an adjunct of the taxicab business. The repair shop was used to repair taxicabs, appellant's trucks, cars belonging to officers of the appellant company and also motor vehicles owned by others to whom appellant had incurred damage liability. We think the operation of the repair shop clearly inured to the benefit and gain of appellant. By saving the expense of having the work on motor vehicles done in other shops appellant profited. It gained to that extent. It seems to us it would constitute too technical a construction of the intent and spirit of the act to say the repair shop was not operated for gain merely because it was not separately operated for gain.

Appellant strenuously argues appellee's evidence fails to disclose there were *five or more workmen employed continuously in the repair shop for more than one month at the time of claimant's injury,* that appellant's evidence positively shows there were not

five such employees. Reference to one of the court's findings discloses the court failed to make a finding on that important issue. It merely found there were "five or more employed in the business of respondent." Numerous nonhazardous trades or businesses have five or many more workmen employed but manifestly would not be within the act merely by reason of the fact they also might maintain a repair shop in which they had fewer than five workmen employed. Our workmen's compensation act is clear on that point. G. S. 1949, 44-507 expressly provides:

"It is hereby determined that the necessity for this law and the reason for its enactment exists only with regard to employers who employ a considerable number of persons. This act, therefore, shall only apply to employers by whom *five* (5) or more workmen have been employed within the state of Kansas continuously for more than one month at the time of the accident: *Provided, however*, That employers having less than five (5) workmen may elect to come within the provisions of this act, in which case his employees shall be included herein, as hereinafter provided: *And provided further*, That this act shall apply to mines and building work without regard to the number of workmen employed or the period of time employed." (Our italics.)

As previously indicated appellant did not elect to come under the act. It follows it was necessary that five or more workmen be employed in the repair shop, the hazardous part of appellant's employment, continuously for more than one month at the time of the accident. The burden of establishing that fact, as any other fact essential to recovery, of course, rests on the claimant workman.

Counsel for the parties agree four mechanics were so employed in the repair shop on the combined day and night shifts but they disagee sharply whether the evidence discloses a fifth workman was continuously employed *therein* and for the period required by the act. It was the duty of the court to make a specific finding on that essential point. This court has no jurisdiction or power to make original findings in compensation cases. It only has power to determine whether there is substantial competent testimony to support a finding, or findings, when made by the district court. In addition to the findings of the court, previously set forth, the journal entry also discloses the following:

"The court further finds and adopts all the findings of the commissioner of Workmen's Compensation in his award of June 26, 1951, not inconsistent herewith."

The findings of the commissioner disclose he erroneously believed office and administrative employees of the taxicab business could be counted in determining whether five or more workmen

were employed. Neither clerical employees of the taxicab company nor mere administrative officers of the latter, who do not have supervision or control over the work in the repair shop, may be counted in determining whether five persons are employed in the hazardous work in the repair shop. (*Udey v. City of Winfield*, 97 Kan. 279, 155 Pac. 43; *Griswold v. City of Wichita*, 99 Kan. 502, 503, 162 Pac. 276; *Stover v. Davis*, 110 Kan. 808, 812, 205 Pac. 605; *McCormick v. Kansas City*, 127 Kan. 255, 260-261, 273 Pac. 471; *Pegg v. Postal Telegraph-Cable Co.*, 129 Kan. 413, 416, 283 Pac. 58.)

Counsel for appellee again rely on the Kirkpatrick case, *supra*, in which they also prevailed and in which they contend only one workman was employed in the garage of the respondent Ford dealer. The opinion does not disclose that fact. Counsel for appellee, being familiar with the record in such case, direct our attention to their counter abstract filed in such case which, as they contend, does disclose only one workman was employed in respondent's garage. The opinion, however, clearly indicates appellant there raised three issues on appeal and the opinion does not indicate this point was one of them. At any rate the case was not decided on that point. Had it been we would have no hesitancy in overruling it.

Counsel for appellee also rely on *McCormick v. Kansas City*, 127 Kan. 255, 273 Pac. 471, and direct attention to a Washington case therein cited in which only one carpenter was employed by a department store to make shelving, alterations and repairs, his work being done in a repair shop containing tools and machinery operated by an electric motor. A reading of that opinion discloses the Washington statute differs somewhat from ours and further discloses the case was not cited for the purpose of laying down a rule that a merchant, or any other person operating a nonhazardous trade or business, employing only one person in a repair shop is, therefore, brought under the compensation act. In fact, that opinion definitely repudiates such a rule and affirmatively shows it does not obtain in this state. (See p. 260-261.)

We know of no case in which this court has cited the Kirkpatrick, the McCormick or any other case as authority for the proposition that fewer than five workmen continuously employed in a hazardous employment and for the time required by the statute are sufficient to bring the trade or business within the act, absent an election to be bound by the act without regard to the number of workmen. The cases previously cited herein are to the contrary. Of course,

an employer may be made amenable to the provisions of the act by electing to come within it although he employs fewer than five workmen. (G. S. 1949, 44-507; *Crawford v. Atchison, Topeka & S. F. Rly. Co.,* supra, p. 165.)

We need not prolong the opinion. The case must be, and it is, remanded to the district court with directions to make a finding, on the record before it, whether five or more workmen were continuously employed in the work of the repair shop for more than one month at the time of the accident.