No. 44,675

ANDREW P. JUERGENSEN, *Appellant,* v. ISERN DRILLING COMPANY and EMPLOYERS MUTUAL CASUALTY COMPANY, *Appellees.*

(421 P. 2d 11)

Opinion filed December 10, 1966.

*M. John Carpenter,* of Great Bend, argued the cause and was on the briefs for the appellant.

*H. Lee Turner,* of Great Bend, argued the cause, and *J. Eugene Balloun* and *James L. Berglund,* both of Great Bend, were with him on the briefs for the appellees.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a judgment of the district court affirming an order of the Workmen's Compensation Director denying an award of compensation.

The facts are not in dispute.

The claimant, now the appellant, was on the payroll of the respondent, the Isern Drilling Company, at a monthly salary of $375. The respondent is an oil drilling company and as such is required to carry workmen's compensation coverage. During the winter the claimant worked as a roustabout on the oil drilling sites. This work consisted of heavy manual labor, but during the summer and fall he was directed by his employer to take care of the lawns of Mr.

Milton Isern, the owner of the company, Mr. Isern's son, his son-in-law and his mother.

On November 6, 1963, at about 10 o'clock A. M., while operating a power lawn mower, mowing the lawn of Milton Isern, he experienced a choking feeling and a pain in the upper part of his chest. He got a drink of water, rested awhile, and the pain disappeared. He then continued with his work. A short time later he had a similar pain but it was more severe so he quit work and drove to see his doctor who hospitalized him.

The claimant was in the hospital for thirty days; went home for thirty days; was back in the hospital for another thirty days, and finally resumed the same type of work that he had been doing prior to his hospitalization.

It was the opinion of the family physician, who did not claim to be a specialist in internal medicine, that the work claimant was doing precipitated the heart attack. Three physicians who were specialists in cardiology were of the opinion that there was no causal relationship between the work the claimant was doing and his heart attack. The examiner concluded:

"It is found in addition to the stipulations of the parties that the claimant did not suffer personal injury by accident arising out of or in the course of his employment with the respondent. In fact, the claimant was engaged in an entirely different type of work than that of the drilling business. In addition, the claimant failed to establish by substantial competent evidence that the heart attack which he suffered was precipitated by the work he was doing on November 6, 1963."

Based on the above findings an award of compensation was denied. On an application for review by the Director of Workmen's Compensation the examiner's conclusions were affirmed.

The claimant appealed to the district court where a memorandum decision was entered which reads in part:

"In the file of this case there is an instrument entitled 'Award', which was prepared by Lee R. Meador, Examiner. The court finds that it should adopt the findings including the stipulations and summary of evidence made by said examiner. The court specifically finds, however, that Isern Drilling Company had no work for a gardener and that the claimant was working as a gardener at the time of his injury on which he bases his claim against the respondent. He was working for the private benefit of one of the officers of Isern Drilling Company, and of the officer's son, his son-in-law, and his mother, and the fact that the respondent paid him does not make the work he was performing a more hazardous work or the kind of work covered by the Act.

"It is for this court to decide whether the injuries sustained by the claimant were the kind which were compensable under the Workmen's Compensation Act. The test of liability on such cases has been declared to be the actual nature of the work being done at the time of the injury. In this case the injury the claimant sustained was while he was doing gardening work. Gardening is agricultural work. Our courts have held that when an employer is engaged in a trade or business subject to the Act and also in an agricultural pursuit in which his workman sustains an accidental injury such injury is not compensable under the Act. (Peters v. Cavanah, 132 Kans. 224 and Taylor v. Taylor, 156 Kans. 763, both cases cited in Campos v. Garden City Company, 166 Kans. 352, at page 355.) There is, of course, no evidence of an election on the part of the respondent to come under the Act for its employees who may be doing agricultural work. Therefore, liability in this case is determined by whether the injury results from a trade or business covered by the Act. . . ."

The claimant has appealed to this court making two basic contentions, i. e., (1) the trial court erred in concluding that the claimant was engaged in an agricultural pursuit at the time of his alleged accidental injury, and (2) the trial court erred in not concluding that claimant was engaged in employment covered by the Workmen's Compensation Act at the time of the injury.

Although the specific question is perhaps immaterial we are forced to agree with the appellant that he was not engaged in an agricultural pursuit at the time of the alleged accidental injury.

The undisputed facts are that the employment of the appellant during the summer and fall consisted of taking care of the lawns of the owner of the company, his son, his son-in-law and his mother, and that he was mowing the lawn of the owner of the company when he experienced his physical difficulty.

It is from the above facts that the trial court concluded that the appellant sustained his injury while doing gardening work and that gardening is agricultural work.

"Agricultural pursuits," as used in K. S. A. 44-505 and declared to be nonhazardous and exempt from the provisions of the Workmen's Compensation Act, anticipates engagement in an enterprise conducted for profit. Appellant's work at the time of his physical difficulty consisted of that of a yardman who took care of the yards at four private residences. A yardman for urban residences cannot be classified as employed in an agricultural pursuit.

However, it would appear to be immaterial to the determination of the controversy whether the appellant was employed in an agricultural pursuit which is specifically exempt from the provisions of

the act, or some other nonhazardous employment such as gardening or yard work which is not covered by the act. The latter is just as free from the Workmen's Compensation Act as the former. Neither can come within the provisions of the act unless there is an election to be so covered.

Although the district court suggested generally that it was adopting the findings of the Examiner it later limited its findings to the single issue of whether appellant was engaged in employment covered by the Workmen's Compensation Act. Our consideration is therefore limited to the single issue.

K. S. A. 44-505 designates the employment to which the act shall apply. It reads in part:

"This act shall apply only to employment in the course of the employer's trade or business in the following hazardous employments: Railway, motor transportation line, factory, mine or quarry, electric, building or engineering work, laundry, natural-gas plant, county and municipal work, and all employments wherein a process requiring the use of any dangerous explosive or inflammable materials is carried on, each of which employments is hereby determined to be especially dangerous, in which from the nature, conditions or means of prosecution of the work therein, extraordinary risk to the life and limb of the workmen engaged therein is inherent, necessary, or substantially unavoidable, and as to each of which employments it is deemed necessary to establish a new system of compensation for injuries to workmen.

. . . . . . . . . . .

"Agricultural pursuits and employments incident thereto are hereby declared to be nonhazardous and exempt from the provisions of this act: . . ."

This section also makes provisions for employers carrying on a nonhazardous work, trade or business to elect to come within the act. Oil and gas drilling is brought within the act by the definition of mine. (K. S. A. 44-508 [c].)

To come within the operation of the Workmen's Compensation Act a workman must be employed in one of the various classes of enterprises named in the statute or there must have been an election by the employer to do so.

It is clear that the well drilling operations of the respondent were covered by the act. It is equally clear that employment for gardening or yard work was not, and there had been no election to bring such employment within the act.

We have stated:

". . . In the Tuggle case, supra, [159 Kan. 572, 156 P. 2d 533] we repeated what frequently has been said as follows:

" 'It is well established, however, by our authorities that unless a business is

named in the act it is not covered by the workmen's compensation act. See *Southern Surety Co. v. Parsons*, 132 Kan. 355, 295 Pac. 727; also *Thayer v. Bowler*, 144 Kan. 136, 58 P. 2d 59.' (p. 573.)

"In G. S. 1949, 44-505 the legislature expressly listed the trades or businesses it regarded as constituting hazardous employments. Such employments were thereby automatically placed under the act irrespective of the wishes of the employer. The same statute further expressly provides employers not within the purview of the act may elect to come under it by filing a written election to do so. The same statute also provides the employee, of any employer who voluntarily elects to come within the act, shall be included under the act unless such employee elects not to come within it as provided by G. S. 1949, 44-543. . . ." (*Thorp v. Victory Cab Co.*, 172 Kan. 384, 387, 240 P. 2d 128.)

It would appear that the appellant worked about half the year in the oil fields and about half the year as a yardman. This nature of employment had continued for six years. The work was not interchangeable. He was either employed at one job or the other for the full period. The yard work had no connection with the drilling operations.

The appellant contends that because he was employed by the respondent drilling company and paid by it, he was covered under the act as a drilling company employee. We cannot agree. An employer may have various trades or businesses, some of which are within the act and others which are not. (*Shrout v. Lewis*, 147 Kan. 592, 77 P. 2d 973; *Davis v. Julian*, 152 Kan. 749, 107 P. 2d 745; *Thorp v. Victory Cab Co.*, 172 Kan. 384, 240 P. 2d 128.)

We stated in *Shrout v. Lewis*, 147 Kan. 592, 595, 77 P. 2d 973:

". . . Our act in no wise requires that his activity be limited exclusively to a hazardous trade or business in order that he might be amenable to the act. Where the act does not so limit an employer's trade or business he may come within the act as to certain of his trades or businesses, and not as to others. In other words, he may have more than one trade or business. (*Davis v. Industrial Com.*, 297 Ill. 29, 130 N. E. 333.) . . ."

The fact that an employer is engaged in a hazardous enterprise does not subject the nonhazardous business or employment to the statute. The right of one employed both as an exempt worker and in an occupation covered by the compensation act to compensation for an injury depends on the nature of the duties he was performing at the time he was injured. One employed in nonhazardous work and also in a covered employment is not entitled to compensation when injured in the course of the nonhazardous work.

We do not have under consideration a situation where an employee was temporarily taken from his usual employment to mow

a yard. Neither do we have two types of employment which are incidental or casually related to each other. We have two unrelated employments continuing separately for six month periods.

*Campos v. Garden City Co.*, 166 Kan. 352, 355, 356, 201 P. 2d 1017 is the controlling case in Kansas on this question. Although one of the employments under consideration was agricultural, the same rule must apply to other pursuits not covered by the act. We there stated:

"We have held that where an employer is engaged in a trade or business subject to the act and also in an agricultural pursuit in which his workman sustains an accidental injury such injury is not compensable under the act. (*Peters v. Cavanah*, 132 Kan. 244, 295 Pac. 693; *Taylor v. Taylor*, 156 Kan. 763, 137 P. 2d 147.)

"In other words, barring an election to come under the act, liability is determined by whether injury results from a trade or business covered by the act. (*Setter v. Wilson*, 140 Kan. 447, 37 P. 2d 50; *Shrout v. Lewis*, 147 Kan. 592, 77 P. 2d 973; *Lehman v. Grace Oil Co.*, 151 Kan. 145, 98 P. 2d 430; *Giltner v. Stephens*, 163 Kan. 37, 180 P. 2d 288.)

. . . . . . . . . . . . . . . .

"As previously indicated claimant in the instant case was employed solely in an agricultural pursuit but the last cited authorities recognize that an employee may work in a dual capacity and be covered by the act when engaged in one capacity and excluded when engaged in another, such as agriculture, depending on the nature of the work being performed at the time of injury. Manifestly, the mere incident of respondent's ownership of the land on which the beets were raised or the fact respondent also operated a beet manufacturing business did not change the essential character of the work claimant was actually doing. Claimant was in nowise out of character in the performance of agricultural work. . . ."

We are forced to conclude that during the summer and fall the appellant was engaged in yard work or gardening for residential lawns and was so engaged at the time he suffered physical difficulty. Such employment was nonhazardous and not covered by the Workmen's Compensation Act.

The judgment is affirmed.

APPROVED BY THE COURT.