No. 31,033.

MYRTLE MAY LITTLE, *Appellant*, v. WILSON AND COMPANY, *Appellee*.

(20 P. 2d 498.)

Opinion filed April 8, 1933.

*Thomas H. Finigan* and *A. M. Etchen*, both of Kansas City, for the appellant.

*Arthur J. Stanley, Arthur J. Stanley, Jr.*, and *C. C. Keller*, all of Kansas City, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for workmen's compensation. Judgment was for respondent. Claimant appeals.

The workman was a healthy, noncomplaining workman. On July 2 as he was rolling a car wheel, in the course of his employment, it hit an obstruction and started to tip over. The evidence is not clear as to whether the wheel struck his stomach or he strained the muscles of the stomach in steadying the wheel. He complained of soreness that evening. The next morning the company doctor examined him and diagnosed his trouble as a hernia. He was given a truss, which he wore. That day he complained of pain and quit work about 3:30. On July 4 he lay around the house, and did the same on the fifth, which was Sunday, and also on the sixth, which was a day the plant did not work. On the seventh he went back to work. On the eighth, ninth and tenth he worked. The record is not clear as to his complaints on these days. On the evening of

July 10 his pain was so severe that he was taken to the hospital. On this occasion his trouble was diagnosed as appendicitis, and he was operated on. The record is not clear as to the condition of the appendix. On July 18 he was again operated on. This time a perforated gastric ulcer was found. He died August 20 without having left the hospital. The action was filed by his widow.

As in many workmen's compensation cases the question is, Did death result from an accident arising out of and in the course of the employment? There seems to be no doubt that the immediate cause of death was the perforated gastric ulcer. Was the ulcer caused by the accident with the car wheel? To start with, the record is not clear as to the nature of the accident. Mrs. Little testified that deceased stated the wheel struck him. One of the doctors testified that he said he strained himself when the wheel tipped. Several doctors testified at the hearing before the commissioner. Some of them testified that a blow could cause a gastric ulcer. Some of them testified that it could not. There was some evidence that there were indications of a trauma of the abdomen. There was some evidence that there were no such indications. It was the duty of the commissioner of workmen's compensation to hear the evidence and make findings of fact. This was done and the finding was that death was not the result of an accident arising out of and in the course of employment of deceased. This finding was approved by the trial court. It certainly cannot be said that the finding was not made on conflicting evidence. The evidence was very conflicting. The argument of claimant consists of an effort to induce this court to weigh the evidence in the record and reach a different conclusion from that reached by the commissioner and the trial court. We have no jurisdiction to do that. Our examination of cases under the workmen's compensation act is limited to questions of law. (See R. S. 1931 Supp. 44-556.) We will, however, examine the record to ascertain if there is competent evidence to sustain the findings of fact. (See *Harrigan v. Western Coal and Min. Co.*, 133 Kan. 573, 300 Pac. 1115.) An examination of this record has convinced us there is sufficient competent evidence to sustain the finding of the commissioner and of the trial court.

The judgment of the trial court is affirmed.