No. 32,012

J. T. Meredith, *Appellant*, v. The Seymour Packing Company, *Appellee*.

(40 P. 2d 325)

Opinion filed January 26, 1935.

*Frank E. Miller* and *Leonard S. Ferry*, both of Topeka, for the appellant.

*Hugh T. Fisher* and *Irwin Snattinger*, both of Topeka, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This is an appeal from a judgment in a workmen's compensation case.

It appears that for more than ten years the claimant had been employed as an ice puller at the respondent's packing plant in Topeka. On November 1, 1932, he was engaged in handling cakes of ice which weighed about 300 pounds. In the course of this work, according to his testimony, the ice tongs slipped and he nearly fell down, and in catching himself he received a severe jerk. When he straightened up he felt an awful pain in the region of the heart, and thereafter he had difficulty in breathing. On being taken to his home, he stopped en route at a doctor's office. The doctor examined him and told claimant "about his blood pressure and his pulse and that his heart was out of kilter."

Claimant never recovered his strength nor has he been able to return to work. In due time he filed a claim for compensation. The commissioner set a time for a hearing; expert medical and other testimony was adduced; and the commissioner found—

"That (claimant's) disability is not due to injury by accident arising out of and in the course of his employment with respondent, wherefore award of compensation must be denied."

From this disposition of the matter, claimant appealed to the

district court where the court tried the proceeding upon the record in conformity with the statute, and concluded:

. "That the disability of the claimant is not due to injuries by accident arising out of and in the course of the claimant's employment with the respondent, and that the claimant's claim for compensation must, therefore, be disallowed and the award of . . . . (the) commissioner of workmen's compensation . . . . be sustained."

Judgment was entered accordingly, and the controversy is brought to this court on the assumption that we have jurisdiction to retry the issues of fact, and to reverse the decision of the district court and direct it to enter an award of compensation in behalf of the claimant.

This court has no such jurisdiction. In 1927 all appellate jurisdiction in workmen's compensation cases was taken from this court. (Laws 1927, ch. 232; *Norman v. Consolidated Cement Co.*, 127 Kan. 643, 274 Pac. 233.) At the next session of the legislature our appellate jurisdiction was restored in a very limited degree—on questions of law only. (Laws 1929, ch. 206; *Corpora v. Kansas City Public Service Co.*, 129 Kan. 690, 693, 284 Pac. 818.) In *Shay v. Hill*, 133 Kan. 157, 299 Pac. 267, where an employer brought the transcript of the evidence in a compensation case to this court, complaining that the trial court had awarded compensation to a claimant where the compensation commissioner had denied it—on the assumption that this court could review and adjudicate issues of fact, we said:

"This court may not review the evidence as the district court did, . . . The function of this court is limited to determining if there was evidence, whether opposed or not, warranting a reasonable inference, although a contrary inference might reasonably be drawn, to sustain the judgment of the district court." (Syl. ¶ 1.)

In the argument of counsel for claimant it is assumed that the facts of this accident are not in dispute—that they were uncontroverted. We could not assent to that contention if the issue were one within our limited jurisdiction. Moreover, uncontroverted evidence is not necessarily true. The commissioner and the trial court are not compelled to believe it. (*Peoples National Bank v. Diven*, 135 Kan. 400, 10 P. 2d 883.) Counsel cite compensation cases not materially different from the one at bar in which awards and judgments in favor of claimants have been upheld by this court. But in all these, since the statute of 1929 restoring our jurisdiction was enacted, it will be found that this court has gone no farther than to acquiesce in the findings of fact made by the trial court (*Farmer v.*

*Oklahoma Natural Gas Corp.*, 134 Kan. 629, 7 P. 2d 60; *Little v. Wilson and Co.*, 137 Kan. 360, 20 P. 2d 498), except where it has been necessary to rule that its findings had not sufficient foundation in the evidence to justify an award. (*Fair v. Golden Rule Refining Co.*, 134 Kan. 623, 7 P. 2d 70; *Covert v. John Morrell & Co.*, 138 Kan. 592, 27 P. 2d 553.)

See, also, *Orendoc v. Kaw Steel Construction Co.*, 131 Kan. 366, syl. ¶ 3, 291 Pac. 952; *Cornell v. Cities Service Gas Co.*, 138 Kan. 607, syl. ¶ 3, 27 P. 2d 228.

In this case it must be held that the record presents no question of law for appellate review, and the appeal must therefore be dismissed. It is so ordered.