No. 35,967

ORVILLE A. COOK, *Appellant*, v. HARRY DOBSON SHEET METAL WORKS
and MARYLAND CASUALTY COMPANY, *Appellees*.

(142 P. 2d 709)

Opinion filed November 6. 1943.

*Dale M. Bryant,* of Wichita, argued the cause, and *Morris H. Cundiff* and *John C. Frank,* both of Wichita, were on the briefs for the appellant.

*J. B. Patterson,* of Wichita, argued the cause, and *A. W. Hershberger, Enos A. Hook, R. E. Kirkpatrick* and *Richard Jones,* all of Wichita, were on the briefs for the appellees.

*C. H. Brooks, Howard T. Fleeson, Homer V. Gooing, Wayne Coulson* and *Paul R. Kitch,* all of Wichita, as *amici curiae.*

The opinion of the court was delivered by

THIELE, J.: This was a proceeding under the workmen's compensation act.

The facts out of which the claim arose may be stated briefly. The respondent had a contract for the erection of improvements on an air base being constructed by the federal government at Salina, and claimant was employed as a roofer. Work was supposed to start at 7:00 a. m. In connection with the work various workmen would meet at a certain building or shack on the air base and would there change into their work clothes. This building or shack was kept locked and was in charge of a foreman. On the morning of July 27, 1942, claimant came to the meeting place in a car with four others, arriving about 6:45 a. m. The foreman had not arrived, and various of the workmen sat or stood about the shack. Later the foreman drove up in a truck which he was unable to stop and which struck the claimant, injuring his leg.

Claim for compensation was made by the injured workman, but before it was heard an application for permission to appear as *amici curiae* was filed, which disclosed that the applicants were attorneys for an insurance company carrying a policy of liability insurance on the truck driven by respondent's foreman. In effect it was charged that claimant desired his claim for compensation be denied so that he might maintain an action for the recovery of damages allegedly resulting from negligent operation of the truck, and that the claimant and the compensation insurance company desired the same result. This application was allowed by the examiner and *amici curiae* participated in the hearing before the commissioner.

The facts respecting the manner in which the injury occurred have been noted. At the hearing before the compensation commissioner there was no contention but that the facts were fully shown, and there was no evidence there was any collusion between the claimant and the respondent. The compensation commissioner found that as there was no agreement to transport the claimant to and from his work that G. S. 1935, 44-508 (k) did not apply, since claimant's injuries did not occur while he was on his way to assume the duties of his employment, that the accident did not happen while the workman was at work in his employer's service, and that the claimant did not suffer personal injury by accident arising out of and in the course of his employment with respondent and award of compensation should be denied, and taxed the reporter's fees to the *amici curiae*.

The claimant appealed to the district court, which adopted the findings made by the compensation commissioner and concluded that the accident did not arise out of and in the course of the employment, and that the compensation should be denied.

Appeal to this court followed. In this court the appellant relies solely upon the proposition the evidence showed that he was on the job when injured and therefore his claim was compensable under the workmen's compensation act.

The *amici curiae* have filed a brief, treating not only the above question, but arguing at length that claimant is entitled to recover under G. S. 1935, 44-508 (k). We shall not enter into any discussion of the duties or powers of one who appears as the friend of the court. Assuming the application before the workmen's compensation commissioner was entirely proper, it was on the theory there would be no full presentation of the facts, or stated another way, that there

was collusion between the claimant and respondent and its insurance carrier to obtain a result favorable to the last two. There was no evidence of any collusion or that the facts concerning the claim were not fully known and the reasons asserted by *amici curiae* in their application for permission to appear proved to be groundless. Technically, when that appeared, the purpose of their appearance had been fully served. Without more, we hold that *amici curiae* may not urge in this court as a ground for reversal, a matter not presented in the brief of the appellant.

In support of his contention his injuries arose out of and in the course of his employment, appellant argues that from the time he arrived at the air base where he was working there was nothing for him to do but await the will and pleasure of his employer and that the time he spent waiting for the arrival of his foreman was a part of his employment, even though his wages were not to start until actual work commenced. In support of that contention he relies almost entirely on *Corpora v. Kansas City Public Service Co.*, 129 Kan. 690, 284 Pac. 818. In that case an award of compensation had been made by the compensation commissioner and on appeal the district court found as a matter of law that Corpora's injuries did not arise out of his employment and set the award aside. In disposing of the appeal in this court, after taking note of the appellate jurisdiction of this court, it was said:

"The supreme court's jurisdiction being limited to questions of law only, it must take the record as it finds it; and where the evidence before the commissioner who made the award would warrant two opinions of its probative value or the credence which should be accorded it, this court would have to accept as correct the finding of the district court thereon although it did not agree with that of the commissioner. In no other apparent fashion can effect be given to the broader power of the district court to determine questions of fact as well as questions of law. In this case, however, it is not apparent that the district court disagreed with the compensation commissioner on any mere question of fact. While the trial court made a finding that the injury to the workman did not arise out of his employment, that finding was a conclusion correctly or incorrectly deduced from the evidence about which there was no serious controversy. The evidence clearly showed that the workman arrived at his employer's premises a few minutes before 7 a. m., which was the hour his regular duties began. Prior to going to work it was his preliminary duty to sign a register to show he was on hand. This he did. Then he went to a dressing room to change clothes and put on his overalls. While putting on his overalls he fell to the floor and sustained an impacted fracture of the right hip. He was taken to the hospital and contracted pneumonia. He was over 70 years of age, and had a defective heart, and the three afflictions caused his death." (l. c. 693.)

The judgment of the district court was set aside and the award of compensation was reinstated. The law of the case on the point presently involved was stated as follows:

"Where an employee whose working day began at 7 a. m. arrived at his place of employment a few minutes prior thereto, registered his attendance, and went to a dressing room provided by his employer, and there sustained a fall and injury while putting on his overalls, from which injury and other infirmities he died, it is held that the accidental fall and injury were incidents of the employment and his dependent widow was entitled to compensation." (Syl. ¶ 3.)

It will be noted that in the Corpora case the compensation commissioner made a finding the workman when injured was engaged in his employment, while in the case at bar a contrary finding was made. When the Corpora case reached the district court that court found *as a matter of law* the injury did not arise out of the employment, while in the case at bar the district court expressly approved the findings of the compensation commissioner that the workman had not entered upon his employment.

. The contentions of appellant may be said to be twofold. We are asked to review the record and find therefrom that claimant's injuries arose out of and in the course of his employment or to find there is no serious dispute of fact in the evidence and to declare as a matter of law that his injuries did so arise.

In *Leamos v. Wilson & Co.,* 136 Kan. 613, 16 P. 2d 490, where the respondent appellant contended the evidence was insufficient to support the findings of the trial court, it was said:

"The rule is established by statute (R. S. 1931 Supp. 44-556) and the decisions of this court that the responsibility of determining the facts rests in the trial court, and this court is bound thereby, if there is any evidence from which a reasonable inference may be drawn to sustain the findings of the trial court. (*Shay v. Hill,* 133 Kan. 157, 299 Pac. 263; *Paul v. Skelly Oil Co.,* 134 Kan. 636, 7 P. 2d 73.) Under the rule thus established we are bound to accept as true the testimony most favorable to the appellee, and, if from this testimony a reasonable inference may be drawn which will sustain the findings of the trial court, it is the end of our jurisdiction." (l. c. 616.)

In *Meredith v. Seymour Packing Co.,* 141 Kan. 244, 40 P. 2d 325, the respondent appealed to this court and contended we had jurisdiction to retry the facts. That contention was denied, it being held:

"The record in a workmen's compensation case examined, and *held,* that the finding of fact by the compensation commissioner and approved by the trial court that claimant's incapacity did not arise out of nor in the course of his employment, and the consequent denial of claimant's demand for compensa-

tion, does not present a question of law for appellate review; and the supreme court has no jurisdiction to consider it." (Syl.)

In many cases where an award has been made in the district court and an appeal has been taken to this court, we have consistently held that whether the evidence supported the award was a question of law. See, e. g., *Woodring v. United Sash & Door Co.*, 152 Kan. 413, 417, 103 P. 2d 837, 840, and cases cited.

In *Gardner v. Ark Warehouse Co.*, 148 Kan. 190, 80 P. 2d 1066, an award to the claimant was denied by the compensation commissioner and by the district court. On appeal we were asked to hold the evidence compelled a contrary result. In that opinion it was said:

"From the judgment of the trial court which affirmed and sustained the findings of the compensation commissioner, the claimant assigns various errors. But first we must remind counsel of the very limited scope of appellate review conferred by statute on this court. We have jurisdiction of questions of law only. (G. S. 1935, 44-556.) Whether the evidence adduced would support the plaintiff's claim, if given the most generous credence, is not for this court to decide. The only concern about the evidence in a compensation case with which this court has to do is whether the evidence was legally sufficient, if the fact-finding functionaries gave it full credence, to support a finding that the workman suffered an accident and injury in the course of his employment and as a consequence of that employment. Such a question is one of law, and it is the only one pertaining to the evidence which this court is authorized to review. There are numerous instances in our reports where this court has been constrained to hold that such question required a negative answer. Nowhere in our reports, however, will a case be found where we have substituted our judgment for that of the compensation commissioner and the trial court where they have held the evidence insufficient to support an award to the workman or his dependents under the terms of the act." (l. c. p. 192.)

In support of the trial court's judgment appellee directs attention to the fact that in the Corpora case, *supra*, the workman had arrived a few minutes early, had registered his attendance and had gone to a dressing room provided by his employer, and to the later case of *Gamble v. Board of Public Utilities*, 137 Kan. 227, 19 P. 2d 729. In the latter case the workman had arrived at his place of employment and while sitting in a chair fell, hurting his shoulder. He developed pneumonia and died. Claim for compensation was denied by the compensation commissioner and on appeal by the district court. It was contended in this court the evidence showed the injury arose out of and in the course of employment. In that case the Corpora case is distinguished. What is there said will not be repeated. The judgment of the district court was affirmed.

We recognize that in the case at bar there is no great dispute in the evidence, the high points of which have been stated. There was no showing that the accident occurred on any premises under the control of the respondent nor that claimant had done anything in connection with his job as a roofer except to arrive early to await the arrival of his fellow workmen and the foreman. From the evidence and reasonable inferences which the compensation commissioner and the district court were entitled to draw, it may not be said that the award made denying compensation because claimant's injuries did not arise out of his employment finds no support in the evidence, or stated another way, that the undisputed evidence compels an award to the claimant as a matter of law.

The judgment of the district court is affirmed. ·