No. 36,753 ·

LORENE COOPER, as an Individual and as Guardian of BILLIE M. COOPER and EDWARD EUGENE COOPER, Minors (Claimants), *Appellees,* v. HELMERICH & PAYNE (Respondent), and COMMERCIAL STANDARD INSURANCE COMPANY (Insurance Carrier), *Appellants.*

(178 P. 2d 242)

Opinion filed March 8, 1947.

*Wayne Coulson,* of Wichita, argued the cause, and *Howard T. Fleeson, Homer V. Gooing, Paul R. Kitch, Manford Holly* and *Dale M. Stucky,* all of Wichita, were with him on the briefs for the appellants.

*John F. Eberhardt,* of Wichita, argued the cause, and *Robert C. Foulston,*

*George Siefkin,· Samuel E. Bartlett, George B. Powers, Carl T. Smith, Stuart R. Carter* and *Thomas E. Woods,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This is a proceeding under the workmen's compensation act brought by the dependents of a deceased workman. The commissioner of workmen's compensation made an award in favor of the claimants. On appeal the district court made an award to the same effect. The insurance company and the employer have appealed.

The only question of fact before the commissioner was whether the death of the workman was caused by an accident. Many of the facts are not disputed.

On September 30, 1943, the workman was struck on the head by a steel gin pole on a truck. The blow produced lacerations on both sides of the head and rendered the workman unconscious for a short time. He was given treatment in the hospital for a short time and was off work for ten days. On February 21, 1944, he and his attorneys appeared before an examiner for the workmen's compensation commission and proceedings were had whereby an award was made to him in the amount of $126 for the injury. This award was paid and Cooper returned to work.

On July 24, 1944, while working for his employer Cooper became ill. He started in an ambulance for a hospital accompanied by his wife. On the way to the hospital he died, July 25, 1944. This proceeding was begun by his wife and two minor children.

At the hearing before the commissioner testimony of the wife of deceased, his mother and a doctor was offered on the part of claimants. The claimants took the deposition of their doctor. When it was offered before the commissioner counsel for the respondents stated they had no objection to the deposition itself but objected to a hypothetical question contained in it because it did not contain all the history of the case and it was based upon facts not in evidence. The commissioner reserved his ruling upon that until he had an opportunity to read the deposition and proceeded with the hearing. The testimony of the wife of the deceased and his mother supplied details upon which the hypothetical question was based. The hypothetical question referred to certain facts beginning with the injury of the workman and describing his conduct

and condition from his injury to the time of his death and the circumstances surrounding his death. The last paragraph of the question and the answer was as follows:

"Now, based upon your learning, knowledge and experience in the field of medicine, considering these hypothetical facts and assuming them to be true, do you have an opinion, as a physician and doctor, as to what was the cause of the death of the subject? A. Yes.

"Q. I will ask you to state, doctor, what, in your opinion, was the cause of the death of this man, based on that hypothetical background. A. Well, in my judgment he had a brain injury from the accident, possibly a traumatic meningitis, and from the history I take it that he suffered from that chronic condition after he got through the acute part of it, until his death, and when he did die my judgment is that he picked up a clot or thrombi that had sloughed off from his brain injury, and either gave him a brain condition that killed him immediately, or got in his heart and killed him immediately. That would be my judgment."

The claimants had the burden of proving the death of the deceased was caused by the injury. The hypothetical question to which reference has just been made is the only evidence in the case which actually sustains that burden.

Respondents argue here that the commissioner should not have considered the question and answer because it did not contain all of the uncontroverted facts in the case and asked the doctor to assume facts contrary to the evidence and facts unsupported by any evidence and omitted material uncontroverted facts known to claimants at the time the deposition was taken. If the respondents be correct in that argument, then there would be no substantial evidence to support the findings of the commissioner.

Reference has heretofore been made to the objection of the respondents to this question. The claimants argue in the first place that the point is not good because the objection to it was not made in time and the objection did not point out in a clear manner the basis of the objection.

In *Roark v. Greeno*, 61 Kan. 299, 59 Pac. 655, this court held with reference to a hypothetical queston as follows:

"An objection that a hypothetical question assumes facts not proved ought to point out with particularity the facts which are claimed to be untruly stated."

*Nangle v. Packing Co.*, 112 Kan. 289, 212 Pac. 108, was a workmen's compensation case. There we held:

"The rule that objections to evidence must be sufficiently specific to

challenge the court's attention to the ground relied upon, for the reason that error will not be presumed (*Roark v. Greeno,* 61 Kan. 299, 59 Pac. 655), is applied to objections to a hypothetical question asked of physicians, the ground of the objection in the court below being that it was not a proper hypothetical question, that it included facts not in evidence before the injury, and was incompetent, irrelevant and immaterial, the objection urged here being that it called for a conclusion of the witness upon the ultimate issues in the case." (Syl. ¶1.)

To the same effect is *Linscott v. Hughbanks,* 140 Kan. 353, 37 P. 2d 26. See, also, *Travelers Ins. Co. v. Drake,* 89 F. 2d 47.

The objection in this case did not point out any particular in which the hypothetical question assumed facts not proven and failed to state facts which were admitted. It is true at the time the deposition was offered the respondents had not heard the evidence of the wife and mother of deceased from whom many of the facts were obtained. However, there was the opportunity for counsel for respondents to have renewed the objection after that evidence was introduced. At the close of the claimants' case the deposition of the doctor was again offered and no objection made to it.

Moreover we have examined the record and find that the facts contained in the hypothetical question were substantially testified to by the two witnesses for the claimants.

Respondents first argue that there was no evidence at all that there was a marked change in the appearance and activity of the deceased after the injury and before his death. We find that there was substantial testimony of the wife of deceased from which the commissioner was entitled to draw such a conclusion.

They next argue that there was no evidence that deceased had frequent spells of unsteadiness on his feet after the injury. His wife testified that he frequently complained about being dizzy and of nausea. We could not say that there is not some evidence of such unsteadiness.

Respondents next argue that there was no evidence at all that the workman was often late to or absent from work. We do not find any exact evidence on that point, but there is some evidence by the wife that the deceased's superior officer had said that Gene's head was not right and that he ought to do something about it.

They next argue that there is no evidence at all that deceased was noticeably slow in his speech. The wife and mother both testified to that.

They next argue that there is no evidence that the deceased was stricken with what 'appeared to be a fainting spell, with redness of the face, excessive perspiration and pains in the chest and head after the blow on his head and before his death. Witnesses for both the claimants and respondents testified to that.

We conclude the hypothetical question was properly admitted and considered by the commissioner.

Respondents next argue that even though it be held that the hypothetical question was proper, still there was no substantial evidence to warrant the commissioner in finding that the death of deceased was the result of the blow on the head. The argument on this point is that the trial court should have drawn inferences and conclusions from testimony offered by the claimants as well as that offered by the respondents other than were drawn. We have read the abstract and counter abstract carefully as well as the briefs of both parties on this question. Able arguments are made on both sides. They were more properly addressed to the trial court, however, than to this court.

In *Woodring v. United Sash & Door Co.*, 152 Kan. 413, 103 P. 2d 837, we said:

"We must remind appellant that this court has little concern with disputed questions of fact in ordinary lawsuits, and none whatever in workmen's compensation cases except to ascertain whether the record contains any evidence which on any theory of credence or want of credence would justify the trial court's finding or conclusion of fact." (p. 417.)

In *Woodfill v. Lozier-Broderick & Gordon*, 158 Kan. 703, 149 P. 2d 620, we said:

"It all comes down to this: Was there an entire want of evidence to support the trial court's finding that the workman's fall and consequent death was caused by an accident which arose out of and in the course of his employment? We cannot say so. This court has neither duty nor authority to weigh the evidence. (*Fair v. Golden Rule Refining Co.*, 134 Kan. 623, 624, 7 P. 2d 70.) It is of no consequence that if we were triers of fact we might hold that the case falls within the rule of *Cox v. Refining Co.*, 108 Kan. 320, 195 Pac. 863, and later cases of that sort." (p. 705.)

See, also, *Raynes v. Riss & Co.*, 152 Kan. 383, 103 P. 2d 818; also *Rubins v. Lozier-Broderick & Gordon*, 160 Kan. 499, 163 P. 2d 364, and *Bull v. Patti Const. Co.*, 152 Kan. 618, 106 P. 2d 690.

We have so held many times. Nothing would be added to this opinion by setting out in detail the testimony offered and arguing the conclusions that each party was entitled to draw from it. All

that was the work of the trial court. Various other errors of the trial court are assigned. However, argument' was made by the respondents on the two questions that have already been discussed here and on no others.

The judgment of the trial court is affirmed.