No. 37,426

ALBERT W. CONNER (Claimant), *Appellee*, v. M & M PACKING COMPANY (Respondent), and COMMERCIAL STANDARD INSURANCE COMPANY (Insurance Carrier), *Appellants*.

(199 P. 2d 458)

Opinion filed November 13, 1948.

*Wayne Coulson*, of Wichita, argued the cause, and *Howard T. Fleeson*, *Homer V. Gooing, Paul R. Kitch, Dale M. Stucky* and *Donald R. Newkirk*, all of Wichita, were with him on the briefs for the appellants.

*J. D. Conderman*, of Iola, argued the cause for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is a workmen's compensation proceeding. At the hearing before the commissioner the claimant was allowed compensation for total disability not exceeding 415 weeks at a rate of $20 per week. On appeal the district court approved the commissioner's award and rendered judgment accordingly. Thereupon the respondent and the insurance carrier perfected this appeal.

From a careful examination of the record it appears a formal factual statement can be dispensed with and essential facts related as we dispose of controverted issues. However, before consideration is given to grounds relied upon by appellants for reversal of the trial court's award and judgment it should be stated there is no controversy over the relationship of employer and employee or the correctness of the computed weekly rate if the record sustains the trial court's finding of total disability.

Appellants first contend the evidence is insufficient to sustain a finding claimant suffered any disability as a result of accident. With commendable candor they concede the well-established rule is that on appeal in workmen compensation cases this court does not weigh the evidence and has no jurisdiction of questions of fact (*Abbott v. Southwest Grain Co.,* 162 Kan. 315, 176 P. 2d 839). Having made that concession they then direct our attention to the same case recognizing and approving the principles that (1) the burden of establishing an accidental injury is upon the claimant, and (2) even though we do not weigh conflicting evidence the question of whether the trial court's judgment is supported by substantial competent evidence is a question of law as distinguished from a question of fact. They then point to *Jones v. Lozier-Broderick & Gordon,* 160 Kan. 191, 160 P. 2d 932, holding that an award must be supported by substantial competent evidence and cannot rest upon surmise or conjecture.

Conceding the record discloses much evidence which, if it had been believed by the tribunal vested by statute with the duty of weighing the evidence and determining its weight, would have warranted the trial court in finding in accord with appellants' view of the evidence we are convinced their position on this point cannot be upheld. True enough the claimant, who at the time he was injured was performing common labor in his employer's place of business, had been seriously handicapped physically for several years and had a weak back which had been stabilized by fusion of certain of the vertebrae. It is likewise true he was unable to perform heavy manual labor and that there is no medical testimony the accident claimed by him to have been responsible for his condition was the cause of this injury. Even so, he was regularly employed as a common laborer with the respondent company and it cannot be de-

nied that he was struck in the back by a heavy door on the date he claims to have suffered the injury of which he complains.

The trouble with appellants' position, as we see it, is that they entirely overlook the following evidence: (1) Claimant's statement that he was struck a little bit to the side of the hump on his back by a door six feet tall, four feet wide and eight inches thick and his testimony which in substance was to the effect that thereafter he noticed a change in his physical condition, his back hurt him, his legs which had never given him trouble before would give way and allow him to fall down, he was not able to lift and do the type of work he had been doing before such accident and he quit work as the result of his injury. (2) Statements by claimant's wife that within two or three days after May 21, 1947, the day on which the trial court on controverted evidence found the accident occurred, she saw bruises on her husband's back to the right of the spinal column as big as a teacup and that since his injury on that date, although she had been married to him for over a year and had never noticed it happening before, she had observed that he could hardly walk at times and had seen him fall on several occasions. (3) The testimony of claimant's mother who said that he had never been troubled with his legs before the accident and stated: "Since the accident his limbs gave way with him and he just can't keep going, that is all, he has to lie down. He had not been troubled that way before." This witness also testified that on or about May 22 or 23 she noticed a big bruise spot on her son's back, about six inches above the belt line and about an inch or half an inch to the right of the backbone, which was about the size of a teacup.

In the face of the foregoing testimony we cannot say the evidence offered by claimant was not substantial, notwithstanding there is much in the record to justify a contrary conclusion and even though such evidence is unsupported by direct and positive medical testimony.

This court has expressly held in repeated decisions that in this state, unlike some states, it is not essential that duration of disability *or incapacity* of an injured workman be established by medical testimony. (*Bull v. Patti Const. Co.*, 152 Kan. 618, 106 P. 2d 690; *Copenhaver v. Sykes*, 160 Kan. 238, 160 P. 2d 235; *Jones v. Western Union Telegraph Co.*, 165 Kan. 1, 8, 192 P. 2d 141.)

Moreover, we have upheld awards on far less evidence than that

to be found in the instant record, *e. g.*, see *Hardwell v. St. Louis S. & R. Co.*, 146 Kan. 870, 73 P. 2d 1120, where it was said:

"Respondent insists there was no circumstantial evidence of the fact the workman suffered an accident, but only the evidence of the workman himself concerning that fact. The testimony of the workman that he was injured in moving the boulder, if believed, was sufficient to support the finding an accident occurred. . . ." (p. 875.)

To the same effect is *Voiles v. Proctor & Gamble Mfg. Co.*, 141 Kan. 451, 452, 41 P. 2d 723.

It is next urged and strenuously argued the trial court's finding of total disability is not supported by evidence.

In our consideration and decision of the foregoing question we must, of course, keep in mind that we have neither duty nor authority to weigh the evidence and it is of no consequence that if we had been the triers of fact we might have reached a different conclusion than the trial court respecting the claimant's total disability. See *Holler v. Dickey Clay Mfg. Co.*, 157 Kan. 355, 139 P. 2d 846; *Stanley v. United Iron Works Co.*, 160 Kan. 243, 160 P. 2d 708; *Addington v. Hall*, 160 Kan. 268, 160 P. 2d 649; *Walker v. Arrow Well Servicing Co.*, 163 Kan. 776, 778, 186 P. 2d 104.

The gist of appellants' argument on this question is: (1) There was no medical evidence to support a finding of total disability; (2) the evidence disproves appellee's claim that he was totally disabled; and (3) there was absolutely no evidence on which to base such a finding. The decisions heretofore cited to the effect that incapacity and its duration may be established without medical testimony are the answer to the first phase of this argument. If there is any substantial competent evidence of disability our decisions holding we are not permitted to consider evidence unfavorable to the trial court's finding are a complete answer to the second, regardless of the number of witnesses testifying to the contrary and notwithstanding it must be conceded claimant had refused employment since the accident in question and his own medical expert stated he was capable of doing light work.

There remains only the claim there was no evidence whatsoever. It is refuted by claimant himself who, during his examination as a witness, on one occasion stated "I am not able to lift and do the type of work that I was doing before I was struck in the back," and on another said "I am not able to work now." Standing alone such statements, under our decisions, if believed by the trial court—and

we must assume they were believed in view of its award—constitute substantial competent evidence of total disability and are sufficient to require our approval of its finding with respect thereto. This we may add, as has been definitely indicated in many of our former decisions (see *Holler v. Dickey Clay Mfg. Co.*, supra, and cases there cited) must be our conclusion in this and all other similar cases so long as the statute (G. S. 1935, 44-556) limits our jurisdiction to "questions of law" on appellate review of compensation cases.

In *Cowan v. Kerford Quarry Co.*, 146 Kan. 682, 72 P. 2d 999, where—as here—the most that could be said for supporting medical testimony was that the affliction about which claimant testified might be true and a finding was predicated upon his unsupported statements as to disability, we held the evidence was substantial and therefore sufficient to sustain an award similar to the one in the case at bar. At page 684 of its opinion we said:

". . . It is, of course, possible that this claimant is not nearly so badly incapacitated as he swears he is. But the authorized trier of fact has settled this point. . . ."

See, also, *Bull v. Patti Const. Co.*, supra, holding that testimony by a claimant workman he would not have made a hand in less than six months was equivalent to saying he was totally disabled to do his regular hard manual labor and was evidence of total temporary disability for such period of time.

Finally it is urged, since it is conceded appellee was totally deaf on the date of his injury and had been in that condition for many years prior thereto, that the trial court should have deducted from its maximum award for total disability the 100 weeks fixed by G. S. 1947 Supp. 44-510, 3 (c) (17) for the duration of compensation payments in the event of injury causing total deafness. This claim is based upon the provisions of G. S. 1947 Supp. 44-510, 3 (c) (24) which reads:

"If a workman has suffered a previous disability and received a later injury, the effects of which together with the previous disability shall result in total permanent disability, then and in that event the compensation due said workman shall be the difference between the amount provided in the schedule of this section for his prior injury and the total sum which would be due said employee for such total disability. . . ."

We are unable to give the section of the statute just quoted the construction placed upon it by appellants. We regard it as oper-

ative only in cases where the first or prior injury has some causal connection with the total disability resulting from the second injury. Otherwise stated if the second injury in and of itself without regard to and irrespective of the first results in total disability then the quoted statutory provision has no application. *Stevens v. Kelly-Carter Coal Co.*, 140 Kan. 441, 37 P. 2d 48, and *Masoner v. Wilson & Co.*, 141 Kan. 882, 44 P. 2d 265, relied on by appellants, are not out of harmony with this construction. All they hold is that a combination of injuries resulting in total disability, *i. e.*, a subsequent injury causing the loss of an eye which results in total disability but which would not have had that effect had it not been for the fact the injured person had already lost the other eye in a prior accident, bring the terms of the statute into play.

In conclusion we feel impelled to state our decision the trial court's finding of total permanent disability must be sustained was not reached without consideration of appellants' contention appellee has been unable to do heavy work for years because of physical infirmities and hence could not be totally disabled as a result of the accident in question. Such contention is not tenable for the reason that regardless of what claimant's condition or ability to work may have been earlier he had been, and on the date of the accident was, gainfully and regularly employed by the respondent employer on a full-time job, performing each and all of the incumbent duties of the position so held by him. Our compensation law prescribes no standard of health or physical condition for employees and we cannot say that a workman with some physical disability for which he has not been compensated, but who is capable of and is doing the work required of the position in which he is regularly employed, is not to be regarded as totally disabled under its terms if and when in the course of his employment he suffers injuries which render him wholly unable to do work of the character he has been performing in such position.

The judgment is affirmed.