No. 38,797

JAMES E. THORP, *Appellant*, v. VICTORY CAB COMPANY, *Appellee*.

(246 P. 2d 273)

Opinion filed July 3, 1952.

*James K. Cubbison,* of Kansas City, argued the cause, and *Blake A. William-son* and *Lee Vaughan,* both of Kansas City, were with him on the briefs for the appellant.

*Joseph Cohen,* of Kansas City, argued the cause and *Charles S. Schnider, Thomas E. Joyce, John E. Shamberg,* and *Joseph P. Jenkins,* all of Kansas City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is the second appeal and the anticlimax of a workmen's compensation case considered and determined by this court in *Thorp v. Victory Cab Co.,* 172 Kan. 384, 240 P. 2d 128. The facts essential to a proper understanding of the issues, together with the rules of law decisive of the rights of the parties, are clearly and succinctly set forth and stated in the opinion of that case and re-quire little attention since by reference they can be found there if desired for elucidatory purposes.

The substance of this court's decision in the first appeal was that the claimant's right to recover under the Workmen's Compensation Act of Kansas depended upon whether five or more workmen were continuously employed in the work of a repair shop, maintained

by the respondent in a garage building which it was using for all purposes necessary for the carrying on of its taxicab business. Since the record failed to disclose findings of fact on that particular question the cause was remanded to the trial court with directions to make a finding, on the record before it, whether at the time of the accident five or more workmen had been continuously employed in the work of such repair shop for the period of time required in order to permit the claimant's recovery under the act.

The record now discloses that in conformity with this court's direction the trial court reconsidered the cause, made findings of fact which under our prior decision precluded the claimant's recovery, and thereupon set aside its original decision and rendered an award denying claimant compensation on the ground that under the facts of the record the parties were not governed by the Workmen's Compensation Act of the state of Kansas. Claimant appeals from such judgment under a single specification of error charging the trial court erred in finding there were less than five employees in the repair shop of respondent's business, when all the evidence was to the contrary, and in finding the parties were not governed by the act.

In a summary way it can be said that under our decisions there is no question respecting the power and authority of this court on appellate review of awards made by district courts in workmen's compensation cases. The rule is well stated in *Goss v. McJunkin Flying Service,* 157 Kan. 684, 143 P. 2d 659, where it is said:

"Our jurisdiction under the workmen's compensation statutes (G. S. 1935, ch. 44, art. 5) is specifically limited to 'questions of law.' (See proviso in G. S. 1935, 44-556.) Not being triers of fact as is the district court, we do not weigh conflicting evidence. (*Cook v. Dobson Sheet Metal Works et al.,* ante, p. 576, 142 P. 2d 709; *McMillan v. Kansas Power & Light Co.,* ante, p. 385, 139 P. 2d 854, and cases therein cited.) We consider the evidence only for the purpose of determining whether, as a matter of law (*Cook v. Dobson,* supra, and cases there cited), there was any substantial evidence to support the judgment. It is elementary that upon such review the appellee is entitled to all reasonable inferences which may be drawn from the evidence in his favor." (pp. 684, 685.)

For our most recent decision, stating the rule and citing authorities supporting it, see *Rothman v. Globe Construction Co.,* 171 Kan. 572, 574, 235 P. 2d 981.

The findings of fact and the first and all important conclusion of law made by the trial court at the time of the rendition of the award involved in this appeal are short but nevertheless informative. They read:

"Findings of Fact.

**1.**

"Certain dispatchers were employed by respondent as dispatchers, and they occasionally conveyed messages to the repair shop.

**2.**

"That a maintenance man for the radios 'came and went as the need for him was' but the record discloses nothing as to the length of his employment, or the nature thereof.

**3.**

"That road bosses were likewise employed by respondent, but they likewise, only conveyed messages to the machine shop.

**4.**

"Switchboard operators were employed by respondent, but they had no connection with the repair shop as employees thereof.

**5.**

"O. J. Artell was actually the owner of the corporation, but he is regarded merely as such.

**6.**

"That there were four employees actually working in the repair shop.

**7.**

"That none of the persons hereinbefore named had any supervision or control over the repair shop excepting the witness Holyrod, who was the foreman in charge of the repair shop and did work or secured parts as the need arose."

"Conclusions of Law.

"The Court finds as a conclusion of law, that there were only four employees in the repair shop and that there were no others who had supervision or control over the work in the repair shop."

Appellant's first contention, apparent from its specification of error, is based upon the premise the trial court erred in finding there were less than five employees in the repair shop of respondent's business when all the evidence was to the contrary. We have carefully examined the record and are unable to agree with this contention. Without detailing the evidence and summarizing its import it suffices to say, although the parties are in dispute regarding the facts, that appellant himself testified only four automotive mechanics were working in the repair shop during the last few months preceding the accident causing his injury, that his brother-in-law, who was the foreman of the repair shop, testified to the same effect and in addition stated in substance that the employees described in paragraphs 1 to 4 inclusive of the findings of fact

gave no orders to the men working in the repair shop or had supervisory powers over their activities, and that the president of the taxicab company testified the company had never had more than two mechanics and two maintenance men working in such shop. In the face of such testimony we simply cannot say there was no evidence to sustain the trial court's findings of fact or conclusion of law above quoted. Therefore, under the established rule to which we have heretofore referred, we have no power or authority to disturb those findings or conclusions.

The gist of the second contention relied on, to the effect the court erred in finding the parties were not governed by the Workmen's Compensation Act, is based upon the claim, advanced by appellant in *Thorp v. Victory Cab Co.*, supra, that all employees of the taxicab company, regardless whether they worked in the repair shop or had supervision and control over the work performed therein, are to be included in determining whether the parties are governed by the Workmen's Compensation Act. That question was determined adversely to appellant's position when the cause was here before and so far as his rights are concerned is now *res judicata*. The result is this contention cannot be upheld.

We find nothing in the record or in the arguments advanced by appellant's astute and diligent counsel in support of the contentions raised on appeal which would warrant or permit us in disturbing the trial court's judgment. Therefore such judgment must be and it is hereby affirmed.