No. 39,193

Joseph Carl Gangel, *Appellant,* v. Cook Saw Mill (Keith Cook and Mack Cook), *Appellees.*

(265 P. 2d 853)

Opinion filed January 23, 1954.

*David W. Carson,* of Kansas City, argued the cause, and *R. I. Nicholson,* and *Robert H. Miller,* both of Paola, were with him on the briefs for the appellant.

*Karl V. Shawver, Jr.,* of Paola, argued the cause, and *Karl V. Shawver,* of Paola, was with him on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This was a workmen's compensation case. The commissioner of workmen's compensation made an award of compensation to claimant. On appeal to the district court this award was vacated. Judgment was entered for respondent, and claimant appeals. The appellant Joseph Carl Gangel will be hereinafter referred to as claimant, and the appellees Cook Saw Mill (Keith Cook and Mack Cook) as respondents.

At the time of claimant's injury, the respondents were engaged in operating a small saw mill at Louisburg, in which claimant was employed as a helper. On April 18, 1952, while so employed he severed the first two fingers of his right hand in operating a power planer and jointer. He was given medical treatment and a major portion of the two fingers were amputated. In due time he filed his claim for compensation. Upon the hearing before the commissioner, all of the pertinent facts were stipulated with the exception of whether respondents were under the Workmen's Compensation Act at the time of the accident.

The sole question on this appeal is whether respondents had five or more workmen employed continuously for more than one month at the time of the accident. The pertinent part of the act reads as follows:

"This Act . . . shall only apply to employers by whom five (5) or more workmen have been employed within the state of Kansas continuously for more than one month at the time of the accident. . . ." (G. S. 1949, 44-507.)

It was stipulated that four men including claimant were employed by respondents as defined by the act, leaving the sole issue whether the fifth man, one Bernard Barnes, was a workman of respondents continuously employed for more than one month at the time of the accident. The trial court found that he was not, and rendered judgment for the respondents.

Claimant contends there was no substantial, competent testimony to support the finding of the trial court that Barnes was not so employed. He recognizes the general rule of law that this court's jurisdiction in compensation cases is limited to questions of law (G. S. 1949, 44-556), and that if there was any substantial, competent testimony to support the trial court's finding, it must stand.

This court has little concern with disputed questions of fact

in ordinary lawsuits and none whatever in workmen's compensation cases, except to ascertain whether the record contains any evidence which on any theory of credence, or want of credence, would justify the trial court's finding or conclusion of fact. In considering the question involved in this case we must, of course, keep in mind that we have neither duty nor authority to weigh the evidence, and it is of no consequence that if we had been the triers of fact we might have reached a different conclusion than the trial court respecting the question involved. (*Thorp v. Victory Cab Co.,* 173 Kan. 383, 246 P. 2d 273; *Thorp v. Victory Cab Co.,* 172 Kan. 384, 240 P. 2d 128; *Hill v. Etchen Motor Co.,* 143 Kan. 655, 656, 56 P. 2d 103; *McMillan v. Kansas Power & Light Co.,* 157 Kan. 385, 388, 139 P. 2d 854; *Conner v. M & M Packing Co.,* 166 Kan. 98, 101, 199 P. 2d 458; *Cooper v. Helmerich & Payne,* 162 Kan. 547, 178 P. 2d 242.)

Was there an entire want of evidence to support the trial court's finding that Barnes was not a workman employed continuously for more than one month at the time of the accident? We do not think so. While the record reveals that the testimony was conflicting on the question involved, Barnes testified that he did not work at the saw mill at all from January 1, 1952 to April 18, 1952, the date of the accident, except on one or two occasions during that period he showed the boys some timber to cut; that he was not an employee of the saw mill. Respondent Keith Cook testified that Barnes was not, and never had been, an employee of the saw mill, and was not carried on the payroll; that when he worked, he worked on a commission buying lumber; that no social security or withholding taxes were taken fom his check as a lumber buyer; that from January 1 until April 18, 1952, he was paid the sum of $30; that he had never been paid anything as an employee and that he was not an employee during the months of February, March and April, 1952.

Since the trial court on competent evidence found there were only four workmen continuously employed for more than one month at the time of claimant's accident, we are compelled to hold that respondents were not governed by the provisions of the workmen's compensation act (G. S. 1949, Chap. 44).

Therefore, the judgment of the trial court is affirmed.