### No. 41,631

CLARA BRATCHER, widow and guardian of Carol Lee Bratcher, minor dependent, (Clarence Bratcher, deceased) Claimants, *Appellants,* v. E. A. ROYSE, H. R. ROYSE and D. H. ROYSE, Respondents, *Appellees.*

(345 P. 2d 648)

Opinion filed November 7, 1959.

*Don Wyman,* of Hutchinson, argued the cause, and *Max Wyman,* of Hutchinson, was with him on the briefs for the appellants.

*Arthur H. Snyder,* of Hutchinson, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

ROBB, J.: This is an appeal by claimants, a widow and minor daughter, from an order of the trial court denying an award of

compensation in an action under the Kansas workmen's compensation act.

The three respondents had appealed to the district court from an award of compensation in favor of claimants made by the workmen's compensation commissioner in which proceeding the facts were stipulated by counsel. In a memorandum decision the trial court substantially found the facts to be that on June 26, 1957, Clarence Bratcher (hereinafter called the workman), while working for respondents, sustained accidental injury arising out of and in the course of his employment which resulted in his death; notice and written claim were properly made; the workman's average weekly wage was $50.00; D. H. Royse had procured and paid for a $5,000 accident and life insurance policy on the workman, and the proceeds from this policy were paid to the widow, but no medical treatment or funeral benefits had been furnished nor had workmen's compensation payments been made to the workman or the claimants, who were totally dependent on the workman at his death; respondents were Star Route mail carriers under contract with the United States post office department; they carried mail originating both inside and outside of Kansas which was destined for points both inside and outside of the state; on June 25, 1957, the workman was employed and driving a truck owned by D. H. Royse; he had picked up mail at Hutchinson and driven to Pratt where some of the mail was delivered to connecting Star Route carriers; the workman had picked up mail at the Rock Island station in Pratt and on June 26, 1957, at 4:30 a. m. he proceeded from Pratt in an easterly direction where a bridge had crossed a stream. However, heavy rains had washed out the bridge and the mail truck fell into the creek bed and the workman sustained injuries from which he died.

The trial court then repeated some of the statements made before the commissioner by counsel for claimants as to whether all three of the respondents, or just D. H. Royse, should be in the proceeding and also repeated statements by respondents' counsel to the effect that while all three respondents' names were on the mail contract, that did not speak the true nature of the operation because it was an individual operation and although counsel feared that all three Royses were respondents, he stipulated only that the workman was an employee of D. H. Royse.

Other pertinent findings of the trial court were that the record showed nothing concerning the number of employees the three

respondents had which would bring them under G. S. 1957 Supp. 44-507 even though in the examiner's findings the following had appeared:

"'This Examiner has been advised by the attorney for the respondents that the respondents had five employees for more than thirty days prior to the date of the accident.'"

The trial court found as follows in this regard:

"There is no evidence that any one or more of the Respondents or the deceased employee was engaged in any other trade or business. Under the evidence here, this court certainly could not find that the Respondents had five or more workmen to operate the Star Mail Route between Hutchinson and Pratt."

The trial court concluded the commissioner's award of compensation in favor of claimants should be reversed and set aside, and the claim dismissed.

Claimants perfected their appeal from the above judgment. Seven specifications of error are presented but we are primarily concerned with No. 6, which reads:

"The court erred in finding the evidence insufficient to show that five workmen were employed by the respondents for more than one month prior to the death of the deceased."

As the trial court stated twice in its memorandum decision, the record is lacking in evidence to support an award in favor of claimants. A thorough search of the record before us nowhere reveals how many employees any one, or all three, of the respondents had at any time.

G. S. 1957 Supp. 44-507 provides:

"It is hereby determined that the necessity for this law and the reason for its enactment exists only with regard to employers who employ a considerable number of persons. This act, therefore, shall only apply to employers by whom five (5) or more workmen are employed within the state of Kansas at the time of the accident. . . ."

Claimants contend the quoted statement by the examiner was an admission by respondents that they did have five or more employees to satisfy the requirements of the above statute. The trial court did not agree with this contention and, on the contrary, found there was no evidence or stipulation of fact to support a finding that the respondents singly or jointly had the requisite number of employees at any time.

Claimants rely on *Walker v. Finney County Water Users Ass'n,* 150 Kan. 254, 92 P. 2d 11, but there the evidence was in conflict (p.

257) as to the number of employees. Here there is no evidence in regard to that element so the cases are distinguishable. The Walker case repeats our steadfast rule that this court reviews a record only to ascertain whether there is competent evidence which supports, or tends to support the findings. If we were to follow claimants' theory and "infer" there was evidence that respondents had five employees, as required by the statute, we would still be confronted with the rule just stated that when there is competent evidence tending to support the findings of the trial court on appellate review this court is bound thereby. (See, also, *Weimer v. Sauder Tank Co.*, 184 Kan. 422, 425, 337 P. 2d 672.) The burden of establishing the fact that respondents had the requisite number of employees rested on claimants. (*Thorp v. Victory Cab Co.*, 172 Kan. 384, 389, 240 P. 2d 128; *Gangel v. Cook Saw Mill*, 175 Kan. 673, 674, 675, 265 P. 2d 853.) This they failed to do.

From a practical standpoint, if there had been evidence or a stipulation which might have have supported the statement of the examiner herein quoted, then claimants should have had such evidence in the record before the trial court and before this court. Their failure to establish this essential element which was necessary to an application of the workmen's compensation act, precludes their recovery thereunder. As this court substantially stated in the second appearance of *Thorp v. Victory Cab Co.*, 173 Kan. 383, 385, 246 P. 2d 273, under the established rule and in the face of the record before the trial court and before this court on appeal, ". . . we have no power or authority to disturb those findings or conclusions." To the same effect is the decision of this court in *LaRue v. Sierra Petroleum Co.*, 183 Kan. 153, 157, 325 P. 2d 59.

It follows, therefore, that we do not need to discuss other questions raised by claimants' appeal since the record fails in the respect heretofore discussed.

Judgment affirmed.