No. 44,301

Dean Ratzlaff, *Appellant*, v. Friedeman Service Store and Connecticut Fire Insurance Company, *Appellees.*

(407 P. 2d 513)

Opinion filed November 6, 1965.

*J. Eugene Balloun,* of Great Bend, argued the cause, and *H. Lee Turner* and *James Berglund,* of Great Bend, were with him on the briefs for appellant.

*Richard C. Hite,* of Wichita, argued the cause, and *W. H. Kahrs, Robert H. Nelson, H. W. Fanning, Darrell D. Kellogg* and *Roger M. Sherwood,* all of Wichita, were with him on the briefs for appellees.

The opinion of the court was delivered by

Fatzer, J.: In this workmen's compensation case, the claimant-appellant sought recovery of benefits for two different accidental injuries. One injury was alleged to have occurred to his cervical spine on November 17, 1962, and the other was alleged to have occurred to his low back on February 1, 1963. It was stipulated by all the parties that the claimant did suffer an accidental injury to his back on February 1, 1963, for which he was awarded temporary total disability compensation. No question is presented in this appeal concerning that award of compensation.

The sole issue presented is whether the claimant suffered an alleged accidental injury to his cervical spine on November 17, 1962. The district court found that the claimant "did not sustain an injury on or about November 17, 1962, to the cervical spine"; hence, this appeal.

The following is a summary of the claimant's testimony before the compensation examiner. The claimant was 47 years of age, was five feet and four inches tall, weighed 113 pounds, and had an

eighth grade education. He was employed in Friedeman's Service Store in Great Bend as a tire service man, where he had worked for seventeen years. He worked on tires, sold tires, mounted tires, and took tires off and mounted them on trucks and tractors, which was heavy labor. From time to time prior to November 17, 1962, he had received injuries to his body, and on November 17, 1962, he was changing a tire by using a tire changer and the bead of the tire suddenly broke loose and his body flew forward and his neck flew back, and he injured his neck. No one was present at the time of the injury, but he told the shop foreman, Herman Foos, about the accident. Ten or twelve days later the claimant went to see Dr. Kendall, of Great Bend, who took x-rays and concluded that his neck was injured, and prescribed traction treatments. While following the treatments, the claimant went back to work even though he was still suffering from a pain in his neck, because he had to support his wife. He continued the traction treatments while he worked, but he told his employer, D. L. Friedeman, and the insurance adjuster, Charles Smith, about the November 17, 1962, accident. At the time he told Friedeman about the accident, two other men, Jerry Friedeman and Elmer Friedeman, were present. The claimant further testified he told Friedeman and the insurance adjuster about an accident involving his neck which occurred on December 10, 1961, and that he told the insurance adjuster he had hurt it again recently, but he did not think the insurance adjuster "wrote that down."

D. L. Friedeman testified that he remembered a conversation with the claimant on December 6, 1962; that he recalled that conversation revolved around a back, not a neck, injury that claimant suffered on December 10, 1961, and not on November 17, 1962; that he completed a report with the claimant's assistance, showing the date of accident as December 10, 1961, and that the claimant did not say anything about any other date he was injured, even though Friedeman asked him why he had waited so long to report it.

Charles Smith testified he interviewed the claimant December 7, 1962, about the alleged injury to his neck and the claimant told him he injured his neck on December 10, 1961, while changing a car tire and did not mention an injury occurring on any other date.

Was there substantial, competent evidence to support the finding of the district court that the claimant did not sustain an accidental injury on November 17, 1962? We think there was. The claimant concedes the evidence mainly concerns the disputed testimony that

on December 6-7, 1962, he informed Friedeman and Smith of the accident and alleged injury in question. He further concedes there was evidence to find that he did not expressly notify Friedeman on December 6, 1962, and Smith on December 7, 1962, of the accident and injury in question. He contends, however, that this fact pertains only to the issue of notice, and does not go to the issue whether there was an accidental injury on November 17, 1962. In making this contention, the claimant recognizes the general rule of law that this court's jurisdiction in compensation cases is limited to questions of law (K. S. A. 44-556), and if there is any substantial, competent evidence to support the district court's finding, it must stand. (*Barr v. Builders, Inc.*, 179 Kan. 617, 296 P. 2d 1106; *Beaver v. Tammany Industries*, 180 Kan. 440, 443, 304 P. 2d 501; *Phillips v. Skelly Oil Co.*, 189 Kan. 491, 370 P. 2d 65.)

In a workmen's compensation case, the district court tries the case *de novo;* it hears no new evidence, but takes the case on the transcript of proceedings before the compensation examiner and makes an independent adjudication of the facts and the law therefrom. It is not for the Supreme Court to say what testimony should be given credence and what evidence should be disbelieved. In *Gangel v. Cook Saw Mill*, 175 Kan. 673, 265 P. 2d 853, this court defined its duty in determining whether findings are supported by substantial, competent evidence, and said:

"This court has little concern with disputed questions of fact in ordinary lawsuits and none whatever in workmen's compensation cases, except to ascertain whether the record contains any evidence which on any theory of credence, or want of credence, would justify the trial court's finding or conclusion of fact. In considering the question involved in this case we must, of course, keep in mind that we have neither duty nor authority to weigh the evidence, and it is of no consequence that if we had been the triers of fact we might have reached a different conclusion than the trial court respecting the question involved. (*Thorp v. Victory Cab Co.*, 173 Kan. 383, 246 P. 2d 273; *Thorp v. Victory Cab Co.*, 172 Kan. 384, 240 P. 2d 128; *Hill v. Etchen Motor Co.*, 143 Kan. 655, 656, 56 P. 2d 103; *McMillan v. Kansas Power & Light Co.*, 157 Kan. 385, 388, 139 P. 2d 854; *Conner v. M & M Packing Co.*, 166 Kan. 98, 101, 199 P. 2d 458; *Cooper v. Helmerich & Payne*, 162 Kan. 547, 178 P. 2d 242.)" (l. c. 674, 675.)

The record reveals there was conflicting evidence whether the claimant reported the injury to his neck on November 17, 1962, to Friedeman and to Smith. The claimant testified he did, and they testified the only injury he reported to them was the one which occurred to his neck on December 10, 1961. While there was evi-

dence the claimant reported his visit to Dr. Kendall to fellow employees on the job, Friedeman testified he had no knowledge of the claimant's visit to the doctor.

The claimant makes the point that the respondent had an opportunity to produce the testimony of Dr. Kendall, Herman Foos, Jerry Friedeman and Herman Friedeman, whose testimony might refute claimant's statement that he informed those men about the November 17, 1962, injury to his neck. He argues that the failure of the appellees to call those witnesses, particularly Dr. Kendall and Herman Foos, entitled the claimant to a presumption that those witnesses would have corroborated his testimony. He cites and relies upon *Fowler v. Enzenperger*, 77 Kan. 406, 94 Pac. 995; *Trust Co. v. Allen*, 110 Kan. 484, 204 Pac. 747, and *Henks v. Panning*, 175 Kan. 424, 264 P. 2d 483.

While this court is committed to the doctrine that the provisions of the Workmen's Compensation Act should be liberally construed in favor of the workman with a view of effectuating its purpose, it must be remembered that the burden rests upon the claimant to prove the various elements that show his right to an award. (*Burns v. Topeka Fence Erectors*, 174 K. 136, 139, 254 P. 2d 285.) The claimant testified he reported the injury of November 17, 1962, to Herman Foos and that he went to Dr. Kendall about ten or twelve days after the injury in question, but he did not produce either Foos or Dr. Kendall to testify on his behalf although the appellees offered evidence tending to impeach his testimony about the accident. The claimant cannot thus secure a favorable inference that the testimony of Foos and Dr. Kendall would have been favorable to him when he himself had the burden to establish the accidental injury, and he failed to call those parties to testify on his behalf.

From a review of the record presented to this court, it cannot be said the district court acted unreasonably in finding that the claimant did not sustain an accidental injury on November 17, 1962, and we conclude there was substantial, competent evidence to support that finding.

It follows that the judgment of the district court must be affirmed.