No. 46,209

JAMES COLEMAN, *Appellant,* v. ROCKWELL MANUFACTURING CO., L. F. & M. ATCHISON DIVISION.

and

AMERICAN MUTUAL LIABILITY INSURANCE CO., *Appellees.*

(482 P. 2d 52)

Opinion filed March 6, 1971.

*John R. Oliver,* of Overland Park, argued the cause, and *Tom Boone,* of Boone, Boone and Boone, of Leavenworth, was with him on the brief for the appellant.

*Thomas M. Van Cleave, Jr.,* of Kansas City, argued the cause, and *Bill E. Fabian,* of Kansas City, was with him on the brief for the appellees.

The opinion of the court was delivered by

HATCHER, C.: This appeal stems from a controversy over a workman's compensation for an injury resulting from an occupational disease.

The appellant, James Coleman, began work for the appellee, Rockwell Manufacturing Company, on September 23, 1963. At that time his general health was good and he had no skin problems. He commenced work as a sweeper, then progressed to arc air welding, chipper, grinding, working in powder wash and electrical arc welding.

The appellant worked until December 23, 1966. He had first observed a rash appearing on his body about 2 or 3 months before December 23, 1966. At that time the rash appeared on his face.

He was then engaged in chipping and grinding. On December 23, 1966, he was sent to Dr. Spencer Fast who treated him. He returned to work still under treatment by Dr. Fast who referred him to Dr. Charles Dennie, a skin specialist in Kansas City, Missouri. During the course of treatment, Dr. Fast indicated to the claimant his condition was caused by the dust and different things in the factory. He had appellant stop work.

Appellant was paid temporary total disability beginning March 11, 1967, and ending January 31, 1968, a period of 47 weeks.

A claim was filed and a hearing was held before the Workmen's Compensation Examiner on January 31, 1968. The examiner allowed appellant compensation for 47 compensable weeks of temporary total disability at a weekly rate which is not in dispute, and found all medical expenses had been paid. He also found that appellant's disability ended on January 31, 1968. This left no further payments due. The award was reviewed and approved by the Director of Workmen's Compensation. An appeal was then taken to the district court which entered an order reading in part as follows:

"The Court having read the entire record, having heard oral argument of counsel and being otherwise advised in the premises finds that the Court should adopt as its findings the stipulations and findings of Dan E. Turner, Workmen's Compensation Examiner, in his award dated January 24, 1969, as approved by the Director of Workmen's Compensation in his order dated August 11, 1969. The Court further finds that an award of compensation should be made in favor of the claimant and against the respondent and its insurance carrier, American Mutual Liability Insurance Company, for 47 compensable weeks of temporary total disability at the rate of $42.00 per week. That on January 31, 1968, the claimant's disability ended and the claimant is entitled to no further compensation. The Court further finds that all medical expenses incurred up to January 31, 1968, by the claimant for examination and treatment be paid for by the respondent. The Court finds that claimant is not entitled to further medical treatment. . . ."

The appellant contends here that the district court erred in not allowing total permanent disability benefits because the appellees offered no evidence to refute the evidence presented by him.

Appellant also contends that the testimony of the workman is sufficient to support a claim for permanent total disability and that medical testimony is not necessary.

If there is any merit in appellant's contention it must be addressed to the trial court, not this court on appeal.

This court, on an appeal from a decision in a workmen's compensation case, is limited to the consideration of matters of law. It

cannot weigh evidence or consider the veracity of the witnesses. Its concern with the facts is limited to ascertaining whether the record contains any evidence which on any theory of credence or want of credence would justify the trial court's findings of fact. (*Wilbeck v. Grain Belt Transportation Co.*, 181 Kan. 512, 514, 313 P. 2d 725; *Jones v. City of Dodge City*, 194 Kan. 777, 402 P. 2d 108; *Ratzlaff v. Friedeman Service Store*, 195 Kan. 548, 407 P. 2d 513.)

Appellant presented the testimony of two doctors. We will give attention only to the testimony of appellant's doctor who was a specialist in dermatology. He testified on cross-examination:

"Q. Doctor, in your history it was disclosed that Mr. Coleman had not been exposed to whatever irritant might have caused his original flare-up for over a year? A. Correct.

"Q. Would you feel that a year's time is sufficient for him to have fully recovered from any contact dermatitis as opposed to an irritant—I mean as opposed to an allergic dermatitis? A. I think he would have fully recovered from either one in a year's time.

"Q. Do you feel that Mr. Coleman, if he chose to leave his present occupation as a minister, could return to general physical labor without danger of a flare-up of this particular type of contact dermatitis or allergic dermatitis that he may have had? A. Yes, I think he could return to any kind of work and be free of a flare-up of the original dermatitis that he suffered over two years ago."

Although there may have been some testimony favorable to appellant we are forced to conclude that there was ample evidence to support the findings and conclusion of the district court.

The judgment is affirmed.

APPROVED BY THE COURT.